## 10962.  HAMILTON v. THE STATE.

By failure to except to the judgment overruling his demurrer to the indictment, the defendant was precluded from raising in a motion for a new trial the questions raised by the demurrer.

DECIDED JANUARY 27, 1920.

Indictment for forgery, etc.; from Decatur superior court—Judge Harrell. September 25, 1919.

*A. E. Thornton,* for plaintiff in error.

*R. C. Bell, solicitor-general, Frank A. Hooper & Son,* contra.

BLOODWORTH, J.  The indictment in this case contains two counts, the first charging forgery of a bank check, and the second uttering said check.  The indictment alleged that the check was "of the following tenor and effect, to wit: 'The First National Bank, Bainbridge, Ga. Octo. 1st, 1918.  Pay to the order of Frank Johnson $20.00, Twenty dollars, No. 876.  Walker.'  A demurrer was filed to the indictment, in part as follows: "1. No crime against the laws of Georgia is charged in said indictment.  3. Defendant demurs specially to said indictment, in that said indictment charges that said check was signed 'Walker,' which said signature is not the signature of any person, firm, or corporation, nor is such a signature such that would mislead, defraud, or fool anyone, and, such signature not being name or signature of any person, firm or corporation, same is not subject of being forged."  The demurrer was overruled, and no exceptions to this ruling were filed.  The case proceeded to trial.  There was a verdict of guilty on both counts, and, the defendant's motion for new trial being overruled, he excepted.  In the brief of counsel for the plaintiff in error all grounds of the motion for a new trial are expressly abandoned except those which raise the identical question disposed of by the demurrer.  The Supreme Court, in *Matthews* v. *State,* 125 *Ga.* 248 (54 S. E. 192), held: "Where a demurrer to an indictment calls for a construction of a penal statute, the judgment rendered thereon concludes the defendant as to the construction given the statute by the court, unless reversed or set aside by appropriate procedure."  See also *Mayor & Aldermen of Savannah* v. *Monroe,* 22 *Ga. App.* 190 (2) (95 S. E. 731); 22 *Ga. App.* 285 (3-b) (96 S. E. 500).  Under the above ruling the plaintiff in error is concluded by the ruling on the demurrer, and the judgment must be

*Affirmed.  Broyles, C. J., and Luke, J., concur.*