21951, 21952. TAYLOR *v.* THE STATE (two cases).

LUKE, J. 1. As a general rule, the State is not restricted to the date alleged in the indictment in proving the case as laid, but may prove the alleged offense to have been committed at any time within the statute of limitations applicable to the case. See Park's Penal Code, § 954, and notes on "Time." The offenses of burglary and of carrying a pistol without a license come within the general rule.

2. Grounds of objection to evidence which were not presented to the court at the time of offering the evidence, or then ruled upon by the court, but are set out for the first time in a ground of a motion for a new trial, avail nothing. The failure of the accused to object to the evidence at the time it was offered, or at any time during the trial, was a waiver of his right to object to it.

3. It was not erroneous to instruct the jury as follows: "In so far as the State relies for a conviction in this case upon circumstantial evidence, it should be sufficient to exclude, not every possible theory, but every reasonable theory save that of the guilt of the accused. It should be consistent with his guilt and inconsistent with his innocence. Penal Code (1910), § 1010.

4. Under the facts of the case and the charge of the court as a whole, the excerpt from the charge, complained of in special ground 8 of the motion for a new trial, does not require a reversal of the judgment.

5. By consent of the parties two cases involving the same evidence were submitted to the jury at the same time, one indictment charging the offense of burglary, and the other charging the offense of having a pistol in his manual possession at the time and place of the burglary, without any license authorizing him to have and carry the same. He was found guilty in both cases, under evidence sufficient to authorize both verdicts, following a charge of the court that was sufficiently full and fair and subject to none of the criticisms urged against it. The cases come to this court on separate writs of error.

*Judgment affirmed in both cases. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED FEBRUARY 18, 1932. REHEARING DENIED MARCH 2, 1932.

*T. G. Head, McClure & McClure,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.