### 20140. MOSLEY *v*. THE STATE.

HAWKINS, Justice. Frank Mosley was tried in Candler Superior Court under an indictment charging him with having murdered Johnny Collins, and the jury returned a verdict of guilty without a recommendation. To the judgment denying his motion for a new trial, based upon the general grounds and one special ground, the defendant excepts. The special ground of the motion for a new trial complains because the trial judge, in response to a question of the jury that, "should the defendant be found guilty with the recommendation of mercy and then he is given life, how long does he have to serve before he is eligible for pardon," only replied, "Mr. Foreman and Gentlemen of the Jury, that question often comes up. The court is not authorized to answer that question as that is something the jury and the court is not concerned with. That is within the province of another body altogether. We don't have anything to do with that." It is contended, in this special ground, that the judge should have explained that the rules of the Pardon and Parole Board at the present time provide that a person convicted of murder with a recommendation of mercy would have to serve fifteen years minimum service before becoming eligible for pardon or parole, instead of seven years as formerly, and that the jury was probably laboring under the impression that, should they recommend mercy, the defendant would only have to serve seven years before becoming eligible for parol or pardon, whereas, had the court instructed them that the minimum time is now fifteen years, the jury might have recommended mercy in this case. *Held:*

1. In *Thompson* v. *State*, 203 *Ga.* 416 (47 S. E. 2d 54), this court held that, "On the trial of a person charged with murder, it is improper for the judge to give any charge pertaining to the duties and functions of the State Board of Pardons and Paroles." At page 420 of that opinion this court said: "Under

370

our constitutional form of government, the legislative, judicial, and executive powers shall forever remain separate and distinct. Constitution, art. 1, sec. 1, par. 23. It is therefore improper for a judge in the trial of a person charged with murder to state or intimate what action could be taken in the future by a separate and distinct branch of the government in regard to the determination of whether or not a person sentenced to life imprisonment should be granted freedom and be permitted to come in contact with society. Where, as in this case, a question is propounded by a juror that involves the functions of a separate and distinct branch of the government, the jury should be told that such matters can not be the subject of any instruction by the court." In *McGruder* v. *State*, 213 *Ga.* 259, 266 (98 S. E. 2d 564), this court, in a full-bench opinion, dealt with its previous decisions with respect to charges of trial courts on this subject and said: "This act of the General Assembly [Ga. L. 1955, pp. 191, 192] establishes the policy of the law that the jury should not be influenced in a criminal case in the rendition of their verdict by a consideration of the fact that the penalty imposed by them might be commuted by the State Board of Pardons and Paroles. The charge in the present case was correct in that the judge told the jury that the courts 'have nothing to do with that.' " Accordingly, the charge complained of in the special ground of the motion for a new trial was not error.

2. There was ample evidence to authorize the verdict, and the trial judge did not err in denying the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 15, 1958—DECIDED SEPTEMBER 5, 1958.

*Hugh R. Kimbrough,* for plaintiff in error.

*W. H. Lanier, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.

