38007. BECK *v.* THE STATE.

DECIDED NOVEMBER 24, 1959.

*Robert L. Scoggin, Jerry L. Minge,* for plaintiff in error.

*Chastine Parker, Solicitor-General, Horace T. Clary, Assistant Solicitor-General,* contra.

CARLISLE, Judge. ■ In the first ground of the motion for a new trial, the defendant seeks to assign error on the overruling of an oral motion to quash the indictment. No assignment of error on the overruling of that motion is contained in the bill of exceptions except insofar as error is assigned on the overruling of the motion for a new trial. It is fundamental that rulings of the trial court with respect to the sufficiency of the pleadings cannot be reviewed on a motion for a new trial. In harmony with this fundamental rule the courts have repeatedly held that questions as to the sufficiency of the indictment, or rulings with respect thereto, cannot be reviewed on a motion for a new trial. *Hamilton* v. *State,* 24 *Ga. App.* 694 (102 S. E. 43). A motion to quash an accusation or an indictment is in the nature of a general demurrer. Error in the overruling of such a motion will not be considered upon a review of the judgment overruling the motion for a new trial. *Bryant* v. *State,* 8 *Ga. App.* 389 (1) (69 S. E. 121). Accordingly, the first special ground of the motion for a new trial presents no question for consideration by this court.

■ The second special ground of the motion complains because the court, over objection of the defendant, permitted the introduction in evidence of certain original documents relating to the juvenile court proceedings under which the principal offenders were brought into the juvenile court and committed to the State Training School on account of the theft of articles which the defendant here was charged with having received. The first objection which this ground shows was urged before the trial court was that the juvenile court proceeding was not such a proceeding as was sufficient to determine the guilt or innocence of the person charged with the theft of the articles received by the defendant. Secondly, it was contended that the juvenile court proceeding shows that the thieves were charged with and pleaded guilty of shoplifting, and that shoplifting was not one of the ways in which stolen property could be acquired by the principal thief so as to be cognizable under the divisions of

the Code punishing the receipt of such goods; and, finally, that the proceeding in the juvenile court was not based on a lawful warrant or indictment, and that, therefore, it was not such a proceeding as would authorize the defendant's conviction. All of these objections in substance attack the sufficiency of the findings of the juvenile court to authorize the proceeding against the receiver of the goods under the provisions of Code § 26-2620. Insofar as these objections seek to raise the sufficiency of the indictment to charge any crime, they came too late. Each count of the indictment showed that the principal thief, or thieves, had been charged in the juvenile court with shoplifting and had been convicted or sentenced pursuant to that court procedure to a term in the State Training School. No demurrer or motion to quash having been filed at the proper time, any insufficiency or technical defect in the indictment was waived. Since the requirement as to prior conviction is merely a procedural one, and not one relating to the merits of the case, and since the prior conviction of the thieves still leaves open for adjudication insofar as the case against the receiver of the goods is concerned, the guilt or innocence of the thief from whom the defendant is charged with receiving the goods, a mere technical deficiency, not affecting the jurisdiction of the trial court, may be waived by the defendant. Inasmuch as in this case, the indictment in each count contained allegations with respect to the action of the juvenile court and with respect to the charge of shoplifting against the principal defendants, it was not error to admit these exhibits over the objections stated by counsel for the defendant. See *Sheppard* v. *State*, 95 *Ga. App.* 507 (98 S. E. 2d 169).

The contention made in this ground of the motion that these exhibits contained unsworn, inflammatory and hearsay statements of guilt against the movant and that they were inadmissible for that reason was insufficient to present that question for consideration by this court, since the ground fails to show that this objection to the evidence was made at the time it was admitted. *Taylor* v. *State*, 44 *Ga. App.* 821 (2) (163 S. E. 271). Accordingly, this ground of the motion for a new trial does not show harmful or reversible error.

■ Special ground 3 assigns error on the portion of the charge

of the court as follows: "I charge you further, the essential ingredients of the offense of receiving stolen goods under Code § 26-2620, which I have just read, are as follows: that the accused bought [and] received the goods, that the goods had been stolen by some person other than the accused, that at the time of so doing the accused knew the same had been stolen, that in so doing he acted with criminal intent." This charge is complained of on the ground that it was erroneous and not sound as an abstract principle of law, and that it was misleading to the jury in that it was a direct inference by the court that the movant bought the goods and that the use of the word "bought" was misleading to the jury because an issue was made by the evidence as to whether or not the defendant bought the goods. This charge was not subject to these criticisms. It was not erroneous as an abstract principle of law, and the jury could not well have understood other than that the court was merely stating the essential elements of the crime with which the defendant was charged.

Special ground 4 complains of a portion of the charge as follows: "Now, gentlemen, I charge you that you must find that these boys were guilty of actually stealing the articles as set forth in the indictment." This charge is error, it is contended, because it amounted to the direction of a verdict insofar as the element of the crime relating to the actual theft of the articles by the principal thieves is concerned. While this portion of the charge may be subject to the criticism that the wording is inapt in that it omitted the prefatory statement that this finding would be necessary in order to convict the defendant it does not warrant a reversal of the case. It is apparent when the charge is read in its entirety that the jury could not have misunderstood that they had to make a finding of fact with regard to the guilt of the principal defendants.

Special ground 5 assigns error on a portion of the recharge given by the court when the jury returned and asked for additional instructions. The portion on which error is assigned is as follows: "May I see the indictment, please. I charge you that the way this indictment is drawn that you would have to find that the defendant was guilty as to the count of the indict-

ment in its entirety." It is contended that this charge was misleading to the jury in that it demanded that they find the movant guilty, that it was confusing to the jury, and that it was not sound as an abstract principle of law. Immediately following this portion of the charge as complained of in this ground the court told the jury: "As I said, each count stands alone, but within that count, you would have to find that the evidence proved beyond a reasonable doubt each and every essential element of the offense, and that all of that count must be proved, and not just a part of it. Does that cover what you had in mind? You could not find that he was partially guilty of one count; either all or nothing as to the particular count." When the charge complained of in this ground is read in connection with that which followed it, it is clear that the jury could not have misunderstood that they must either find the defendant guilty on the count in its entirety, or not guilty on the count in its entirety, and that they could not find the defendant partially guilty as to any one count of the indictment.

None of these assignments of error respecting the charge are meritorious and the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*