41166. CAMPBELL v. THE STATE.

Nichols, Presiding Judge. ■ It is not error for the trial judge to instruct the jury that he could not state whether the defendant would be entitled to, or be benefited by medical treatment but that they do have hospitalization facilities in connection with penal institutions in response to a question by a juror, "If we sentence the defendant would that automatically give this boy psychiatric treatment or does he go to the penitentiary?" See as to similar refusals to comment

220

by a trial court to improper questions by jurors, *Mosley v. State,* 214 Ga. 369 (104 SE2d 900), and cases cited.

■ No harmful error is shown by a ground of a motion for new trial which shows that a question was objected to and the court directed counsel to reframe the question, but in lieu of reframing it counsel proceeded with a different line of examination.

■ Questions as to the correctness of rulings upon demurrers to an indictment cannot be raised by a special ground of a motion for new trial. See *Beck v. State,* 100 Ga. App. 759, 760 (112 SE2d 426), and citations.

■ "Evidence constituting a part of the res gestae of the offense is admissible even though it may incidentally tend to prove the defendant's guilt of some other offense for which he is not on trial." *Weldon v. State,* 84 Ga. App. 634 (1) (66 SE2d 920).

■ "A mere objection to alleged improper argument of counsel, without more, is not sufficient to invoke a ruling of the court; and in the absence of a specific motion either for a mistrial, or that the jury be instructed to disregard the argument, it was not error to fail to grant a mistrial or to instruct the jury." *McCoy v. Scarborough,* 73 Ga. App. 519 (6) (37 SE2d 221).

■ An instruction to the jury that in the event it convicts the defendant to fix the punishment between the minimum and maximum is an instruction to fix a determinate sentence in accordance with *Code* § 27-2502 as amended by the Act of 1964 (Ga. L. 1964, p. 483; *Code Ann.* § 27-2502).

■ In polling a jury the question to be asked is whether the verdict rendered was the juror's verdict and is it still the juror's verdict. See *Wilson v. State,* 93 Ga. App. 375 (2) (91 SE2d 854).

■ The evidence authorized the verdict and no error of law appearing the trial court did not err in overruling defendant's motion for new trial.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

DECIDED FEBRUARY 9, 1965—REHEARING DENIED FEBRUARY 22, 1965.

*Everett L. Almon,* for plaintiff in error.
*W. B. Skipworth, Jr., Solicitor General,* contra.