THOMAS J. LEFTWICH, for plaintiff in error
C. D. HILL, solicitor-general, *contra*.

## DELK *v.* THE STATE.

1. The general charge being full and fair on the subject of reasonable doubt in connection with the law of self-defence, including reasonable fears, there was no error in refusing to charge: "If you have a reasonable doubt as to whether the defendant, Delk, acted when he cut Evans, the deceased, under circumstances calculated to excite the fears of a reasonable man, or whether he felt at the time he cut Evans, the deceased, and had reason to feel from the circumstances, that it was necessary to cut Evans, the deceased, to save his life, limb or person, then he would be justifiable, and you should acquit him," even if this request was a correct statement of the law. *McDuffie* v. *The State*, 90 *Ga.* 786. Nor was there any error in charging as follows: "But if you do not believe he is guilty of either [murder or voluntary manslaughter] beyond a reasonable doubt, and that this homicide was done in self-defence, then it would be your duty to find the defendant not guilty."
2. The verdict for voluntary manslaughter was amply sustained by the evidence, and there was no error in refusing to grant a new trial.          *Judgment affirmed.*

March 14, 1893.

Indictment for murder. Before Judge RICHARD H. CLARK. Fulton superior court. September term, 1892.

JORDAN & ROBINSON, for plaintiff in error.
C. D. HILL, solicitor-general, *contra*.

## BOISCLAIR *v.* THE STATE.

A verdict of guilty upon the trial of the main case will not be set aside because of a wrong finding, whether by the court or by a jury, upon a special plea of misnomer which was disposed of before the trial of the main case began, there being no direct motion to set aside the finding on the special plea, but only a motion for a new trial in the main case, with alleged error in disposing of the special plea as one of the grounds thereof. *Kneeland et al.* v. *The State*, 62 *Ga.* 395. Although there are cases in which a different line of practice has been pursued, they are not inconsistent with the

one just cited, for in them no point was raised as to the correct practice. In the present case, the point was distinctly made in this court.                                   *Judgment affirmed.*

March 14, 1893.

Indictment for burglary. Before Judge RONEY. Richmond superior court. October term, 1892.

The defendant pleaded not guilty, and " that his name is not now and never was Edwin Booklayer, as stated in the indictment, but is and has always been Edwin Boisclair; that his name never was Edwin Booklayer; that he is not now and was never known as Edwin Booklayer [nor] is he now, nor was he ever at any time called Edwin Booklayer; and that he was never at any time known or called by any other name than Edwin Boisclair." The plea of misnomer, by consent of counsel, was submitted to the court without a jury. The court found against the plea, deciding that while the spelling of the name was different the pronunciation was the same. The trial on the remaining issues resulted in a verdict of guilty. Defendant moved for a new trial, one ground of the motion being that the court erred in finding against the plea of misnomer. The motion was overruled and defendant excepted, alleging error in the refusal to grant a new trial on said ground.

M. P. FOSTER and TWIGGS & VERDERY, for plaintiff in error. W. H. DAVIS, solicitor-general, and BOYKIN WRIGHT, *contra*.

---

## LUCAS *v.* THE STATE.

1. The indictment being for keeping open a tippling-house on the Sabbath-day, and there being evidence on which to base the charges complained of, there was no error in charging that if the accused owned and controlled a retail liquor-shop and upon any Sabbath-day within two years prior to the finding of the indictment that house was kept open, he would be guilty; nor in charging that if the accused was at the door of such house and told another