## SLEDGE *v.* THE STATE.

1. Upon the trial of a criminal case, the trial judge, in his charge to the jury, with or without request, should instruct them as to the general principles of the law which of necessity must be applied by them in reaching a correct conclusion upon the questions submitted for their consideration.

2. An intent to steal is a substantive element in the commission of the offense of robbery, and a failure of the trial judge to so instruct a jury trying such a case is cause for a new trial; especially is this true in a case in which one contention of the accused was the absence of such intent.

3. Where, upon the trial of such a case, the person accused makes a statement giving his version of the transaction in question and denying his guilt, a charge in these words: "In determining the various questions in the case, you must do that by looking to the testimony of the witnesses that have been sworn in the case," was not, under the decision of this court in *Vaughn* v. *The State*, 88 Ga. 731, erroneous; but it would not have been inappropriate to have added some such language as the following: "and the statement of the accused, giving to the latter such force as you think it entitled to receive"; and this seemingly would be the better practice.

4. Except as above indicated, no questions are so made as will enable this court to determine them.

Submitted October 6,—Decided October 19, 1896.

Indictment for robbery. Before Judge Felton. Bibb superior court. April term, 1896.

*H. F. Strohecker*, for plaintiff in error.
*A. W. Lane, solicitor-general*, contra.

ATKINSON, Justice.

The accused was indicted for the offense of robbery; was convicted, and moved for a new trial, among others, upon the ground that the court erred in failing to charge the jury that if they did not believe that he took the goods in question with intent to steal, then they should acquit; and

upon the further ground that the court erred in charging the jury as follows: "In determining the various questions in the case, you must do that by looking to the testimony of the witnesses that have been sworn in the case."

1, 2. The definition of robbery, as expressed in section 151 of the Penal Code, is inaccurate for want of fullness. It omits the felonious intent as a constituent element of the offense. The *animus furandi* is as much involved in the commission of a robbery as in the commission of a larceny. It is as necessary to be alleged and proven in the one case as in the other. There can be no robbery without an intent to steal; and hence it is legally impossible for the trial judge to give to the jury correct instructions upon the trial of a robbery case, which leave entirely out of view the question of felonious intent. It is not one of those collateral matters concerning which the court is only required to instruct the jury upon request, but it is of the very substance of the offense, and an omission so to instruct the jury would enable them to convict the accused without finding the felonious intent. This court has repeatedly ruled that upon that class of questions the trial judge should instruct the jury without request. See *Strickland* v. *The State*, 98 *Ga.* 84, and cases there cited. It follows therefore that the failure of the circuit judge to instruct the jury upon this important branch of the case must result in a new trial.

3. The charge of the court excepted to and above referred to was not, under the decision of this court in the case of *Vaughn* v. *The State*, 88 *Ga.* 731, erroneous. In that case it was ruled that the court did not err in instructing the jury to the effect that in determining the guilt or innocence of the accused they should look to the evidence alone submitted in the case, thus excluding from the consideration of the jury any theories of the defense resting upon the statement of the accused. The soundness of the doctrine announced in that case has never been formally called in question. Being constrained to recognize the

binding force of that decision, this court is not at liberty to do otherwise than approve the instruction to which exception is taken. The writer of this opinion, however, does not give his full assent to the soundness of the doctrine therein announced. According to his view, if the jury may or may not, at their pleasure, disbelieve the statement of the accused, a condition may exist where they may believe it in preference to the sworn testimony, and if they should, then a theory supported by the statement of the accused favorable to his defense would be entitled to recognition by them and upon it he might be acquitted; and yet the effect of this instruction is altogether to exclude from the consideration of the jury the very evidence, for evidence it is in a qualified sense, upon which they are authorized to acquit him. At all events, with the law standing in its present condition, the charge was not erroneous; but it would have been more appropriate and given to the accused the fuller measure of his legal right had the circuit judge added to the charge excepted to the following: "and the statement of the accused, giving to the latter such force as you think it entitled to receive."

4. Other than as above indicated, no errors were committed which will authorize the reversal of the judgment.

*Judgment reversed.*