## McDOW *v.* THE STATE.

FISH, J. 1. Errors alleged to have been committed upon the trial of a special plea of misnomer in a criminal case do not constitute and can not be considered as proper grounds of a motion for a new trial in the main case ; and this is so although the same jurors passed upon the special plea and upon the case in chief, it appearing that the two investigations were conducted independently of each other, that the jurors were separately sworn in each, and that there was no direct motion to set aside the finding on the special plea. *Kneeland* v. *State*, 62 *Ga.* 395 ; *Boisclair* v. *State*, 92 *Ga.* 453.

2. An instruction in a criminal case correctly explaining to the jury the elements of the offense for which the accused is on trial is not open to criticism on the ground that the State failed to make out its case. On the contrary, the jury should be informed of the crime charged, in order to enable them, by applying the law to the facts established by the evidence, to determine whether or not the accused is guilty.

3. The charges complained of which are not dealt with in the preceding note embraced correct and familiar principles of law, were fully warranted by the evidence, and were not in any sense prejudicial to the accused. There was ample evidence to sustain the verdict, and no error in denying a new trial. *Judgment affirmed. All the Justices concurring.*

Submitted May 21, — Decided July 17, 1901.

. Indictment for assault with intent to murder.  Before Judge Henry.  Floyd superior court.  March 26, 1901.

*Henry Walker*, for plaintiff in error.
*Moses Wright, solicitor-general*, contra.