19659.   McGRUDER *v.* THE STATE.

260

ARGUED APRIL 8, 1957—DECIDED MAY 15, 1957.

*A. L. Haden, Jr., Grace W. Thomas, Ruby Poole,* for plaintiff in error.

*John H. Land, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

HEAD, Justice. Albert McGruder was charged with the offense of robbery by force. The indictment alleged that "said accused, in the County of Marion and State of Georgia, did on the 27th day of September, 1956, with force of arms, wrongfully, fraudulently, and violently, by open force and violence and intimidation, take from the person of Thomas L. Robinson, without his consent and with intent to steal the same, $40 in money, said money being in United States currency, a further and better description of which is unknown to the grand jurors, and of the value of $40, and the property of the said Thomas L. Robinson, . . ."

The jury returned a verdict of guilty without a recommendation of mercy. The defendant's motion for new trial, as amended, was denied, and the exception is to that judgment.

■ Ground 4 of the motion for new trial, as amended, shows that, when the solicitor-general outlined the case to the jury, he stated that he intended to prove that the offense was committed on September 3, whereas the indictment had alleged that the offense was committed on September 27, 1956. Counsel for the defendant asked that the solicitor be limited to the date alleged in the indictment, for the reason that the defense of alibi was the main defense of the defendant. The error assigned in this ground is the failure of the court to sustain this motion, and the admission of evidence, over objection, that the alleged offense was committed on September 3.

It is the general rule that evidence of guilt is not restricted to the day mentioned in the indictment, but may extend to any day previous to the finding of the bill and within the statute of limitations for the prosecution of the offense. *McBryde* v. *State,* 34 *Ga.* 202; *McVeigh* v. *State,* 205 *Ga.* 326, 342 (53 S. E. 2d 462).

It does not appear that a request for continuance was made because of the absence of witnesses to prove alibi, by reason of surprise in the solicitor's attempt to prove the commission of the crime on a date other than that charged in the indictment. A number of witnesses testified for the defendant as to the impossibility of his being present at the scene of the crime on the date of September 3. This ground does not require the grant of a new trial.

■ Ground 5 of the amended motion asserts that the court erred in failing to charge Code § 26-2501, giving the definition of robbery. The court charged as follows: "Now gentlemen, here is the statute that the defendant is alleged to have violated and I give it to you from the Code. Robbery, by open force or violence, shall be punished by death unless the jury recommends mercy, in which event punishment shall be imprisonment in the penitentiary for life, provided, however, the jury in all cases may recommend that the defendant be imprisoned in the penitentiary for not less than four nor longer than twenty years." It is contended that charging § 26-2502, giving the punishment of robbery, and not charging § 26-2501, defining robbery, led the jury to believe that it was the opinion of the court that the defendant was guilty of robbery by force.

The defendant was indicted, tried, and convicted prior to the passage of the act approved January 7, 1957 (Ga. L. 1957, pp. 261-263), amending Chapter 26-25 of the Code, and the assignments of error made will be dealt with under the provisions of the Code prior to amendment.

"Upon the trial of a criminal case, the trial judge, in his charge to the jury, with or without request, should instruct them as to the general principles of the law which of necessity must be applied by them in reaching a correct conclusion upon the questions submitted for their consideration." *Sledge* v. *State*, 99 *Ga.* 684 (1) (26 S. E. 756). "The jury should be informed of the crime charged, in order to enable them, by applying the law to the facts established by the evidence, to determine whether or not the accused is guilty." *McDow* v. *State*, 113 *Ga.* 699 (39 S. E. 295).

The charge of the court in the present case did not, in specific

terms, define the crime of robbery by force. The court read from the indictment the offense therein charged. Whether or not this would be a sufficient definition of the crime of robbery in this case is not the question made by the assignment of error. Error is assigned, first, on the failure to charge the definition of robbery in the language of § 26-2501. This section includes a definition of robbery by sudden snatching, which was not involved in the present case, and such a charge would not have been proper. *Clay* v. *State*, 122 *Ga.* 136 (50 S. E. 56).

The judge erred, however, as further contended in this ground, in stating to the jury that he would give to them the statute from the Code which the defendant was alleged to have violated, and then reading to them the Code section providing the punishment for robbery by open force or violence. This obviously was confusing and misleading to the jury, and was erroneous.

■ Ground 13 contends that the court erred in failing to instruct the jury that the intent to steal is an essential element of the crime of robbery.

An intent to steal is a substantive element in the commission of the offense of robbery, and the failure so to instruct the jury in this case was error. *Sledge* v. *State*, 99 *Ga.* 684, supra; *Rutherford* v. *State*, 183 *Ga.* 301 (188 S. E. 442); *Nelson* v. *State*, 203 *Ga.* 330 (3) (46 S. E. 2d 488).

■ Ground 6 contends that the court erred in failing to charge, even without a written request, on circumstantial evidence (Code § 38-109). It is contended that, since there was no direct evidence that the defendant took the prosecutor's money, and the evidence on this essential element of the crime of robbery by force was purely circumstantial, a charge on the law of circumstantial evidence was required.

Counsel for the State, in response to this ground, rely upon that line of decisions by this court wherein it is said that "A charge to the jury on circumstantial evidence is required only when a conviction depends entirely thereon." *Wise* v. *State*, 209 *Ga.* 115 (70 S. E. 2d 598); *Pippin* v. *State*, 205 *Ga.* 316 (53 S. E. 2d 482); *Gentry* v. *State*, 208 *Ga.* 370 (66 S. E. 2d 913). This rule, in substance, has been stated and restated many times, and has been applied by this court in those cases wherein there

was both direct and circumstantial evidence to sustain the charge contained in the bill of indictment. Counsel for the State have not cited, and our search has not revealed, a single case where an essential element of the crime charged was proved only by circumstantial evidence and this court said that a charge on circumstantial evidence was not required because there was some direct evidence pertaining to some other phase of the charge against the defendant. In a number of cases this court has stated the rule to be: "There being some direct evidence on all the essential elements of the crime charged, the failure of the judge to charge the jury on the law of circumstantial evidence does not furnish cause for a new trial." *Wilson* v. *State,* 152 *Ga.* 337 (1) (110 S. E. 8); *Bass* v. *State,* 152 *Ga.* 415, 416 (110 S. E. 237); *Powers* v. *State,* 172 *Ga.* 1, 6 (157 S. E. 195); *Long* v. *State,* 175 *Ga.* 274 (165 S. E. 75); *Harris* v. *State,* 178 *Ga.* 746 (2) (174 S. E. 240); *Blocker* v. *State,* 185 *Ga.* 322 (195 S. E. 207); *Patterson* v. *State,* 199 *Ga.* 773, 775 (5) (35 S. E. 2d 504); *Campbell* v. *State,* 202 *Ga.* 705, 707 (3) (44 S. E. 2d 903).

In *Ramsey* v. *State,* 212 *Ga.* 381, 382 (92 S. E. 2d 866), this court dealt with an assignment of error that the trial judge erred in charging: "the court is not giving you as applicable to this case the rule of circumstantial evidence." The defendant in that case had been charged with robbery by force, and the prosecutor had testified to facts similar to those in the present case. He had identified the accused as the one who had knocked him unconscious, but he was unable to testify as to who had taken his wallet and money. In the *Ramsey* case there was evidence in the record that the defendant had made a confession, and this court stated that this confession constituted direct evidence of the robbery, and made it unnecessary for the court, without request, to charge on circumstantial evidence. However, the charge given by the trial court hereinbefore quoted was held to be error, and this court stated in part as follows: "There was circumstantial evidence offered by the State to secure a conviction in this case, and the law of circumstantial evidence was applicable. Should the jury have rejected the defendant's confession, then the only remaining evidence of the taking of the victim's money was circumstantial. Under this charge, the jury

could have found that this circumstantial evidence satisfied their minds beyond a reasonable doubt of the guilt of the defendant, while they would not have been authorized under those circumstances to have convicted him unless that evidence excluded every reasonable hypothesis except the guilt of the defendant."

In the present case, the direct evidence of the prosecutor was sufficient to show only that the defendant had attacked him. The only proof of the essential element of robbery by force, that the defendant took the money of the prosecutor, was entirely circumstantial. Where there is circumstantial evidence in a case, in order for there to be no error for the court to fail to charge the law of circumstantial evidence, even without request, there must be direct evidence of the crime charged against the defendant; and in order to convict of the crime of robbery by force, there must be a taking with intent to steal, as well as force. *Sledge* v. *State*, 99 *Ga.* 684, supra. It is suggested in the brief of the solicitor-general that the evidence of investigating officers, that the defendant admitted to them the possession of the prosecutor's automobile, would amount to an admission of the robbery. The defendant was charged with taking from the person of the prosecutor $40 in currency, and an admission of possession of the prosecutor's automobile would not amount to an admission of the theft of the money.

Since the only proof of an essential element of the crime with which the defendant was charged was by circumstantial evidence, the trial judge should have charged the law on circumstantial evidence, even without request, and his failure to do so was reversible error.

■ In ground 7 it is contended that the court erred in using the words "reasonable and moral certainty" in connection with the words "beyond a reasonable doubt" in the charge: "The burden rests upon the State to sustain its charge by testimony of sufficient strength and character to convince your minds to a reasonable and moral certainty and beyond a reasonable doubt of the defendant's guilt." There is no merit in this ground. *Morris* v. *State*, 200 *Ga.* 471, 483 (37 S. E. 2d 345); *Philpot* v. *State*, 212 *Ga.* 79, 81 (90 S. E. 22d 577).

■ Ground 8 contends that the court erred in stating to the

jury as follows: "You are the only tribunal under our form of government that is vested in the civil side of the law, and in administering the criminal law you are the only one that can take human life, and only by your verdict when you return a straight verdict of guilty." It is contended that this charge was erroneous, harmful, and prejudicial to the defendant because it intimated that the court might like to give the defendant the extreme penalty, but only the jury can impose that penalty.

This extract from the charge was not a correct statement of the law, and such a charge should not be made. It is not subject, however, to the contention that it intimated an opinion by the court that the court would like to impose the death penalty.

■ In ground 9 error is assigned on a charge of the court made at the request of the foreman of the jury. After the jury had deliberated for a while, they returned to the courtroom and requested an additional charge on the question as to whether, if they did not find the defendant guilty "in the first degree," could they be assured that he would serve "the minimum amount that the jury could give him." The court instructed them as follows: "Well now, that is a question of administration with the Prison Board and the Governor. The courts themselves have nothing to do with that, so whatever punishment you fix it will be that unless and until it is disturbed by the parole or pardon board, and that is as far as I can go with you, gentlemen."

It is contended that the language "unless and until it is disturbed by the parole or pardon board" tended to give the jury the impression that, if they gave the defendant any punishment less than the death penalty, their sentence would be disturbed by the Board of Pardons and Paroles; that it was error for the court to inform the jury of the fact that the board has power to disturb the jury's verdict; but that, after the judge mentioned the powers of the board, he should have gone further and informed them that, under the present rules of the board, the defendant would have to serve 15 years before being considered for parole, if the jury found him guilty with the recommendation of mercy.

In *Thompson* v. *State,* 203 *Ga.* 416 (47 S. E. 2d 54), this court held that, on the trial of a person charged with murder, it is

improper for the judge to give any charge pertaining to the duties and functions of the State Board of Pardons and Paroles, and that, where a judge gives instructions calculated to influence the jury against a recommendation of mercy, a new trial must be granted. All the Justices present concurred in this opinion.

In *Strickland* v. *State,* 209 *Ga.* 65 (70 S. E. 2d 710), it was held that the instructions given by the court, as to the probability of one serving a life sentence being released by the parole board after serving 7 years, were calculated to influence the jury against a recommendation of mercy, and required the grant of a new trial. There were three dissents in the *Strickland* case.

In *Bland* v. *State,* 211 *Ga.* 178 (84 S. E. 2d 369), it was held that it was not ground for a new trial that the court, in the trial of a person charged with murder, at the special request of the jury, read and gave instructions on the published rules and regulations of the State Board of Pardons and Paroles concerning paroles and pardons. Three Justices dissented from this decision, and one Justice concurred specially.

The decision in the *Bland* case, supra, was based in part on the decisions in *McLendon* v. *State,* 205 *Ga.* 55, 63 (52 S. E. 2d 294), and *Strickland* v. *State,* 209 *Ga.* 675 (75 S. E. 2d 6), wherein the court had held that a new trial would not be granted because of the remarks of the solicitor-general in regard to the probability of the defendant being released under parole.

Since the decision in the *Bland* case, supra, the General Assembly has passed an act, approved February 15, 1955 (Ga. L. 1955, pp. 191, 192), providing as follows: "No attorney at law in a criminal case shall argue to or in the presence of the jury that a defendant, if convicted, may not be required to suffer the full penalty imposed by the court or jury, because pardon, parole, or clemency of any nature may be granted by the Governor, State Board of Pardons and Paroles, or other proper authority vested with the right to grant clemency." It is further provided in the act that it is mandatory on the trial judge to declare a mistrial, upon motion of opposing counsel, if the provisions of the law are violated by counsel.

This act of the General Assembly establishes the policy of the law that the jury should not be influenced in a criminal case in

the rendition of their verdict by a consideration of the fact that the penalty imposed by them might be commuted by the State Board of Pardons and Paroles. The charge in the present case was correct in that the judge told the jury that the courts "have nothing to do with that," but the statement, "so whatever punishment you fix it will be that unless and until it is disturbed by the Parole or Pardons Board," certainly intimated to the jury that whatever punishment they fixed might be commuted by the board. The fact that the jury later returned a verdict of guilty without a recommendation of mercy indicates that the jury might have been influenced by the unauthorized reference contained in this charge. The trial judge erred in charging the jury in the language complained of, and this error requires the grant of a new trial.

■ In ground 10 it is contended that the trial judge erred in the opening remark of his charge on alibi, wherein he stated: "In addition to the defendant's plea of not guilty and in supplement thereof, he interposes another defense in his own behalf and it is that of alibi, that is, he claims that he was not present at the time and place of the commission of a crime . . ." It is asserted that the use of the words "interposes" and "claims" was harmful to the defendant.

It has been held by this court that it was erroneous for the trial judge to state to the jury that the defendant had "attempted" to set up or prove a defense of alibi. *Miles* v. *State*, 93 *Ga.* 117 (19 S. E. 805, 44 Am. St. R. 140) ; *Kimbrough* v. *State*, 101 *Ga.* 583 (29 S. E. 39) ; *Smiley* v. *State*, 156 *Ga.* 60, 61 (5) (118 S. E. 713). In *Green* v. *State*, 154 *Ga.* 394, 395 (2) (114 S. E. 361), it was held that the judge's reference to the defendant's defense of alibi as his "alleged" alibi was not calculated to disparage the defense urged by him.

The words "interposes" and "claims" were not calculated to cause the jury to fail to give consideration to the defendant's defense of alibi, and the use of such words was not reversible error.

Ground 11 of the amended motion has not been argued in this court, either orally or by brief, and will be treated as abandoned.

■ In ground 12 it is contended that the court erred in per-

mitting, over timely objections, G. W. Goss, a witness for the State, to remain in the courtroom during the examination of other witnesses, after the rule had been invoked and the witnesses had been ordered sequestered by the court, and subsequently allowing him to testify as a witness for the State. It is stated that G. W. Goss was not the prosecutor in the case, and was not subject to the exception to the rule on sequestration of witnesses, allowing the prosecutor to remain in the courtroom to aid the solicitor-general in the prosecution of the case.

On the trial the State offered the testimony of Thomas L. Robinson, who identified the defendant as being the person who came to his home, asked for a glass of water and a cigarette, and, after being given a ride by the witness, forced the witness from his car and hit him on the side of the head. After the introduction of this testimony, the State rested its case. The defendant introduced a number of witnesses, who testified in support of his defense of alibi. The defendant made his statement, in which he asserted that he did not commit the crime charged, and related the places where he had been on the date on which the State's witness had testified the crime was committed.

The State then introduced numerous witnesses in rebuttal. Some of these witnesses identified the defendant as the person who came to the home of Thomas L. Robinson. Two agents of the G. B. I. testified, one of them being G. W. Goss, the witness who remained in the courtroom. Goss testified that the defendant had made to him substantially the same statement that he made to "Agent Bullock that he just testified to." (This statement was that the defendant had driven Mr. Robinson's car to Columbus.) The witness stated that the defendant had given them an accurate description of the car before they showed it to him.

It is stated in the brief of the solicitor-general that the testimony of Goss was "in no way contradictory to the witnesses of the defendant." We agree with this statement of the solicitor. In so far as it may have been in rebuttal of the defendant's statement, it could have been offered as testimony tending to connect the defendant with the crime charged. No reason appears from the record why this witness could not have been called first by the State, and after his testimony, be retained in the courtroom

for the purpose of aiding the solicitor-general, if needed. (However, it is not conceded that he was so needed. Affidavits attached to the briefs of counsel can not be considered as a part of the record. If omissions were made in the record, the solicitor-general should have moved to perfect the record in the trial court.) The procedure in this case of withholding a witness who has been in the courtroom throughout the trial, after the rule of sequestration has been invoked, until the defendant has offered the testimony relied upon to establish his defense, and calling this witness as the last witness appearing for the State, illustrates the possible injurious effect of violating the rule of sequestration.

There is nothing in the present record to show any exception to the rule which gives the right to parties to have the witnesses sequestered, and this ground shows error which demands that a new trial be granted. *Montos* v. *State*, 212 *Ga.* 764 (95 S. E. 2d 792).

*Judgment reversed. All the Justices concur.*