## 38812. HALL v. THE STATE.

DECIDED JUNE 7, 1961—REHEARING DENIED JUNE 22, 1961.

*Oze Horton,* for plaintiff in error.

*Paul Webb, Solicitor-General, John W. Walton, Eugene L. Tiller,* contra.

JORDAN, Judge. M. D. Hall was indicted and tried for the offense of assault with the intent to murder and was convicted

of the offense of shooting at another in the Superior Court of Fulton County. His motion for a new trial on the usual general grounds and three special grounds was denied and he excepts to that judgment.

1. The defendant in his unsworn statement to the jury contended that the shooting in question was an accident. In his statement he said that at the time of the shooting he "had two pair of pants on this arm, I had white shirts under this arm, had the shotgun in this hand, left hand. I had a pair of shoes in my right hand and I went out of the house to go back down the street to my daughter's. I stumbled in the yard, and the shotgun fired in my hand."

Special ground 1 contends that the trial court erred in refusing to allow the defendant, when making his statement, to exhibit about his person the various articles of clothing enumerated above in said described manner in an attempt to illustrate to the jury his defense of accident. The State objected to this display on the ground that these various articles of clothing had not been introduced in evidence. The trial judge sustained the objection and refused to allow the defendant to exhibit said articles to the jury or to make any demonstration of them during his statement. It is recited in the assignment of error that the defendant attempted to make said demonstration to answer the prosecutrix who in her testimony stated: "Whether he had anything else in his arms I do not know. The gun is all I saw, I don't know if he had anything else; neither did I see anything else."

It is a well-settled rule that the defendant's statement to the jury must generally be restricted to a narrative account of the matter under investigation, and if the defendant desires to corroborate his statement by documentary or real evidence, said evidence must be introduced in the usual and regular way. *Nero v. State*, 126 Ga. 554 (1) (55 SE 404); *Allen v. State*, 150 Ga. 706 (3) (105 SE 369); *Saunders v. State*, 172 Ga. 770 (158 SE 791); *Woodard v. State*, 5 Ga. App. 447 (4) (63 SE 573); *Gaston v. State*, 9 Ga. App. 824 (2) (72 SE 285); *Theis v. State*, 45 Ga. App. 364 (164 SE 456). Undoubtedly under the foregoing authorities a statement of an accused per-

son cannot be used as a vehicle for getting before the jury real or documentary evidence which has not been introduced in the proper manner, and thus practically getting the benefit of such evidence under the guise of a statement, and at the same time securing the advantage of the conclusion in argument on the ground that no evidence has been introduced.

It is argued by the defendant, however, that he was not attempting to get these objects before the jury as corroborating evidence of his statement but simply to illustrate the factual situation presented by his statement and to demonstrate that under these facts he could not have deliberately aimed and fired the shotgun. The assignment of error, which recites that the defendant was attempting to rebut the testimony of the prosecuting witness quoted above, makes it apparent that the defendant was attempting to corroborate his statement as to the actual fact of the presence of the described articles by the indirect use of real evidence without introducing the same in evidence in the proper manner. Thus, while it may sometimes be necessary and proper for the defendant to be accorded the right to illustrate his narrative account with the aid of physical objects such as a diagram, plat, map or blackboard and the like, in order to make clear to the jury the language of the statement without the necessity of introducing the exhibits in evidence and thus losing the valuable right of the concluding argument, such is not the case presented here. Accordingly, this ground is without merit.

2. It is reversible error in a criminal case for the trial judge to give any charge pertaining to the duties and functions of the State Board of Pardons and Paroles. *McGruder v. State,* 213 Ga. 259 (98 SE2d 564); *Mosley v. State,* 214 Ga. 369 (104 SE2d 900); *McKuhen v. State,* 216 Ga. 172 (115 SE2d 330); *McKuhen v. State,* 102 Ga. App. 75 (115 SE2d 625). Accordingly, the trial court did not err, as contended in special ground 2, in refusing to charge the jury at their request with reference to the effect of an indeterminate sentence, the actual time the defendant would be required to serve in the penitentiary under the minimum sentence, the eligibility of the defendant to get time off for good behavior and as to the rules of the State Board of Pardons and Paroles.

3. Special ground 3 complains that the trial court erred in sustaining the State's objection to the following question asked the prosecuting witness, Mrs. Margaret Hall: "Don't you think Sue ought to be here?" (Sue being Mrs. Hall's 13 year old daughter and an eyewitness to the shooting). Clearly the opinion of the witness as to the desirability of the presence of her daughter at the trial was irrelevant. This ground is without merit.

4. The verdict being fully authorized by the evidence, and none of the special grounds being meritorious, the trial court did not err in denying the amended motion for new trial.

*Judgment affirmed. Townsend, P.J., and Frankum, J., concur.*