## 63391. ROBERTS v. THE STATE.

POPE, Judge.

Appellant L. Eugene Roberts was convicted of two charges of arson. The incident leading to the charges began shortly after midnight on January 6, 1981 when a neighbor heard a car drive up to appellant's house and saw a light shining on a tree outside. Around 1:00 a.m. the neighbor spotted smoke coming from the house and called the fire department. A fire was discovered in the den downstairs and a fireman entering the kitchen slipped on the floor which had been splashed with kerosene. Fire investigators discovered a metal pot containing kerosene in a closet. Kerosene saturated papers were found on the kitchen floor and stacked in the living room closet. Kerosene had also been poured on the top of dressers in two bedrooms. When examining the various rooms of the house, investigators found that the dressers and closets had very few things in them. The dishwasher in the kitchen had been disassembled and there was very little food in the refrigerator. The bathrooms were void of toothbrushes or shaving supplies.

Appellant returned to his house at 5:00 p.m. on the date of the fire. He was seen tearing up pasteboard boxes and carrying them and a gasoline can inside. On the next morning Monday, January 7, appellant was again observed by a neighbor at his house carrying green garbage bags in and out. Tuesday, January 8, appellant was seen going in and out of the house from 1:00 p.m. to 7:00 p.m. On his last trip to the house on that date appellant drove up, went inside for a minute or two, and left. Within approximately fifteen minutes of appellant's departure, the house was on fire again.

When this fire was finally extinguished, it was found that the drawers had been removed from a dresser and placed in a bedroom closet which had holes punched in the ceiling. In the same closet was suspended a green garbage bag containing gasoline. After a second examination the fire department investigators found that the contents of the house were in substantially the same condition as they had been on the date of the previous fire. It appeared that no one was living in the house. The second fire was also found to be incendiary in origin.

1. Appellant alleges as error the admission of evidence concerning past fires which involved houses owned by appellant in Chattanooga, Tennessee. In his statement to fire investigators appellant admitted that his home on Jeanage Trail had burned in June 1977 and that his rented house on Heather Street burned in January 1978. On cross examination appellant admitted that fires also occurred to his houses located at the following locations at the times indicated: Elaine Circle — November 1971; Bonny Oaks Drive — March 1970; Albany Street — February 1970; Iris Road — January 1969; Thelmeda Lane — June 1968; Hunt Drive — December 1958.[1] Appellant testified, "There was insurance probably on all of the houses." Timely objections were made to all of this testimony, but the trial court overruled the objections as well as a motion for mistrial. Appellant alleges that the admission of this evidence was irrelevant to the offenses for which he was on trial, that it impermissibly placed his character in evidence, and that it was an attempt to convict him by the introduction of collateral issues.

"Evidence that is otherwise relevant or material to the issues in a criminal case does not become inadmissible simply because it concerns separate offenses, or because it incidentally puts a criminal defendant's character or reputation in evidence." *Drake v. State,* 245 Ga. 798, 802 (267 SE2d 237) (1980). The state on appeal urges that the evidence of the previous fire losses was relevant to show appellant was familiar with insurance and proof of loss and was therefore admissible to show plan, motive or scheme, even though it incidentally may have reflected on appellant's character. However, while such proof may tend to show appellant's familiarity with insurance claims, the prejudicial effect of such evidence outweighed its probative value as to that issue. The high number of fire losses occurring to the houses owned and lived in by appellant could only

---

[1] The Hunt Drive property caught fire in 1966 or 1967, but appellant testified, "I don't think it was in my name then."

raise a high degree of suspicion in the minds of the jurors trying the present arson cases. The state made no showing indicating appellant as the perpetrator of the prior fire losses or that such losses were incendiary in origin or that he in any way profited by the receipt of insurance proceeds. Therefore, the admission of such evidence was harmful and requires reversal. See *Askea v. State,* 153 Ga. App. 849 (5) (267 SE2d 279) (1980); *Watson v. State,* 137 Ga. App. 530 (5) (224 SE2d 446) (1976); see also *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321) (1980). Although there is substantial evidence against appellant as to his guilt of the arsons charged, we are unable to conclude that it is highly probable that this error did not contribute to the judgment. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

2. The remaining enumerations of error are without merit or are unlikely to occur on retrial.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 30, 1982 —
REHEARING DENIED JULY 15, 1982 —

*William M. Phillips,* for appellant.
*David L. Lomenick, District Attorney, H. W. Vaughn, Jr., Ralph L. Van Pelt, Jr., Assistant District Attorneys,* for appellee.