39071. THE STATE v. ROBERTS.

CLARKE, Justice.

This case is before us by writ of certiorari to the Court of Appeals. In *Roberts v. State,* 163 Ga. App. 92 (293 SE2d 40) (1982), the Court of Appeals reversed Roberts' conviction of two charges of arson. The reversal was based on a finding that the trial court erred in allowing evidence of prior fires in houses owned by Roberts in Chattanooga, Tennessee. The testimony objected to came from a Georgia State Fire Marshall, who testified as to Roberts' statements to him concerning prior fires, and from Roberts himself. We reverse.

The State, appellant here, insists that the testimony was not elicited for the purpose of attacking Roberts' character by evidence of past crimes. Rather, the testimony was presented to show the motive of insurance fraud in committing the arson for which he was on trial. The State argues that the testimony was introduced to rebut Roberts' contention that the large discrepancy between his insurance claim and the actual loss was caused by his unfamiliarity with insurance forms. The State insists that it elicited testimony concerning eight previous fires in defendant's houses and testimony of defendant that there was probably insurance on all of them for the sole purpose of rebutting defendant's claim that he was unfamiliar with insurance forms. As transparent as this argument may be, the fact remains that the State did not contend that any of these previous fires occurred as the result of a crime committed by defendant or anyone else.

The State has not alleged that any of the prior fires occurred as the result of a crime, and, therefore, the general rule against admission of evidence of independent criminal acts by defendant does not apply. Since the rule does not apply, we need not address the question whether the State here met the conditions which must be met in order that the evidence be admissible under limited exceptions to the rule. *State v. Johnson,* 246 Ga. 654 (272 SE2d 321) (1980); *French v. State,* 237 Ga. 620 (229 SE2d 410) (1976).

We find that the introduction of the evidence of prior fires was perhaps an act of unwarranted zeal on the part of a prosecutor whose case was very strong without such evidence. However, we cannot find error in the admission of evidence of prior fires which were not shown to have been the result of criminal activity. Further, evidence that Roberts was experienced in filing fire loss claims tends to sufficiently bolster the theory of an insurance fraud motive to be relevant to the

State's case.

*Judgment reversed. All the Justices concur, except Smith J., who dissents.*

DECIDED NOVEMBER 22, 1982 —
REHEARING DENIED DECEMBER 14, 1982.

*David L. Lomenick, Jr., District Attorney, Ralph L. Van Pelt, Jr., Assistant District Attorney,* for appellant.
*William M. Phillips,* for appellee.