67992. SHIELDS et al. v. THE STATE.

SOGNIER, Judge.

Charles and Richard Shields were convicted of simple battery. On appeal they contend the trial court erred in its charge to the jury (1) by inferring that one or the other defendant could prevail, but not both of them, and (2) by stating to the jury that it did not care whether the State or the defendants won or lost the case. Since both enumerations relate to the same matter, they will be considered together.

Appellant contends that because the court sometimes referred to the defendants jointly and sometimes singly in explaining authorized findings to the jury, it inferred that one or the other defendant could prevail, but not both of them.

Taking the charge as a whole, the trial court explained clearly to the jury that while the defendants were being tried jointly, the jury should consider the evidence against each defendant separately and should make separate findings as to each defendant. Although the trial court did, on occasion, use the word "him" instead of "them," it is clear from reading the entire charge that the jury was not misled, and it was required to make separate findings of guilty or not guilty as to each defendant. When appellant's counsel took exception to the court's charge because it was misleading, the court recalled the jury. After again explaining the findings forms as to each defendant, the court stated: "Now I told you that I wanted to emphasize to you that anything the Court may have done or said during the trial of this case did not intimate, hint, or suggest to you which of the parties must prevail, either the State or the Defendant. I think I may have said that I had no interest in whichever of the Defendants prevailed, but

what I want to emphasize to you is that I don't care whether the State wins or loses. I don't care whether the Defendants win or lose. That is something for you twelve jurors to decide. Whichever of the parties are entitled to a verdict is for you to decide. Thank you, now, and you may retire."

It is clear that the court was emphasizing that the *jury*, not the court, must decide which party prevailed in the case, whether it be the State or the defendants. There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence. *Collins v. State*, 145 Ga. App. 346, 348 (4) (243 SE2d 718) (1978); *Thurmond v. State*, 161 Ga. App. 602, 605 (2) (288 SE2d 780) (1982). Applying this rule to the instant case, we do not find the charge as a whole misleading, nor do we find that the court charged the jury that one or the other of the defendants, but not both, must prevail. Accordingly, we find no error.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED JUNE 14, 1984.

*William Rhymer,* for appellants.
*Timothy G. Madison, District Attorney, Larry Duttweiler, Assistant District Attorney,* for appellee.