## 70605. BAXTER v. THE STATE.
(335 SE2d 607)

BANKE, Chief Judge.

Ruben Cleveland Baxter appeals his convictions of two counts of arson in the first degree.

The appellant operated a restaurant and lounge known as "Trader Bick's" in a shopping center owned by University Plaza, Inc. On October 19, 1982, a fire damaged both the premises and contents of Trader Bick's, resulting in the appellant's receipt of more than $70,000 in fire insurance benefits. After the premises were repaired and the contents replaced, he reopened the facility under the new name of "Smuggler's Cove." On April 10, 1983, another fire caused substantial damage to Smuggler's Cove, resulting in the payment of another $24,000 in fire insurance benefits. As the result of an investigation conducted by both state and federal agencies, evidence was discovered which tended to show that this second fire had been ignited by a light bulb attached to a drop cord, which had been wrapped with paper and placed near a flammable liquid. Mr. Donald Ranew, a co-indictee, testified that he had worked for the appellant at both clubs and that, at the latter's direction, he had started both fires by wrapping paper around a 200-watt light bulb attached to an electrical cord and pouring charcoal lighter fluid on the floor. According to Ranew, the reason given by the appellant for burning the club was to obtain insurance proceeds for its expansion. *Held*:

1. Appellant enumerates as error the refusal of the trial judge to grant his motion for recusal, or alternatively, to grant an evidentiary hearing on the motion. The motion alleged the judge was biased against appellant's counsel due to events which had transpired in a prior, unrelated case. No affidavit was submitted in support of the motion; however, it was verified by the attorney.

Alleged bias against a party's attorney, rather than the party himself, is not, *per se*, a ground for recusal. See OCGA § 15-1-8; *Mann v. State*, 154 Ga. App. 677 (1) (269 SE2d 863) (1980). As none of the allegations of bias in this case pertained to any impermissible interest by the judge in the outcome of the case, nor to any conduct manifested by the judge during the trial, they establish no basis for his disqualification. Accordingly, the trial court did not err in denying the motion to recuse, without referring the motion to another judge for a hearing. Accord *Jones v. State*, 247 Ga. 268 (4) (275 SE2d 67) (1981); *Mann v. State*, supra.

2. Appellant contends that both counts of the indictment were fatally defective in that the owner of the burned premises was not alleged to be University Plaza, Inc., but Talmadge Ramsey, the president of the corporation and owner of 50 percent of its shares. "As long as the defendant is informed of the charges against him so that he may present his defense at trial and not be surprised by the evidence against him as well as protect against another prosecution for the same offense, the indictment is sufficient. [Cits.]" *Hopper v. Hampton*, 244 Ga. 361, 362 (260 SE2d 73) (1979). Under the circumstances, appellant was sufficiently informed of the ownership and

identity of the property which was the subject of the alleged arsons and was adequately protected against further prosecution for the offenses. Accordingly, there was no fatal variance between the indictments and the evidence presented at trial. Accord *Byers v. State*, 236 Ga. 599 (1) (225 SE2d 26) (1976); *Bradshaw v. State*, 162 Ga. App. 750 (7) (293 SE2d 360) (1982).

3. Appellant contends that the trial court erred in allowing audio and video tapes of conversations between himself and Ranew to be played to the jury, without requiring a proper foundation to be established. The conversations in question were recorded by federal investigators with Ranew's consent and cooperation. Appellant lodged no objection whatsoever to the introduction of the tapes or to their being played to the jury. "An objection not raised at trial is waived. [Cit.]" *Hardeman v. State*, 252 Ga. 286, 288 (313 SE2d 95) (1984).

4. Appellant contends that the trial court erred in allowing the jury unrestricted access to certain "unverified" transcripts of the taped conversations. The federal agent who videotaped the two conversations testified that the transcripts had been typed from handwritten transcriptions which he had prepared personally while listening to the tapes and that he had verified the accuracy of the typed versions by reading them while again listening to the tapes. Copies of the typed transcripts were provided to each juror when the tapes were played. Although appellant objected to them, he stated no basis for the objection.

The mere statement of an objection without specifying a reason for the inadmissibility of proffered evidence is insufficient to raise a question on appeal as to the impropriety of admitting the evidence. Accord *Peters v. State*, 148 Ga. App. 850 (3) (253 SE2d 214) (1979); *Hendrix v. State*, 125 Ga. App. 327 (1) (187 SE2d 557) (1972). Moreover, because the agent who prepared the transcripts verified their accuracy, a proper foundation was established for their use by the jury during the playing of the tapes. See *Burke v. State*, 248 Ga. 124 (2) (281 SE2d 607) (1981).

5. Although appellant contends on appeal that the jury was improperly permitted access to the transcripts during its deliberations, this objection was not raised before the trial court, and there is nothing in the record to support the assertion. When the transcripts were provided to the jurors during the playing of the tapes, the trial court instructed them that they were not to be considered evidence but were merely aids to assist them in hearing the tapes. Furthermore, upon tendering the transcripts into evidence, the state's attorney stated that they "would not go out with the jury." Absent any support in the record for the appellant's contention that the transcripts were, in fact, provided to the jurors during their deliberations, this enumeration of error presents nothing for review.

6. Appellant contends that the trial court erred in allowing the state to cross-examine him regarding his having received insurance proceeds resulting from the destruction by fire of two motor vehicles, one in 1977 and one in 1979. No objection was raised in the trial court with respect to the latter incident, thereby precluding its consideration on appeal. See *Hardeman v. State*, 252 Ga. 286, supra. Moreover, there was no contention by the state that these fires were the result of criminal activity on the part of appellant or anyone else; hence, the questioning cannot be considered an improper attempt to introduce evidence of prior offenses. Accord *State v. Roberts*, 250 Ga. 414 (297 SE2d 274) (1982). In any event, "evidence that [appellant] was experienced in filing fire loss claims tends to sufficiently bolster the theory of an insurance fraud motive to be relevant to the State's case." Id. "[E]vidence showing intent, motive, plan, scheme and bent of mind is admissible although such evidence may also place in issue the character of the defendant. [Cits.]" *Causey v. State*, 154 Ga. App. 76, 79 (267 SE2d 475) (1980). See also *Tucker v. State*, 249 Ga. 323 (6) (290 SE2d 97) (1982).

7. In his final enumeration of error, appellant urges that the evidence was insufficient to support the verdict. In support of this contention, he argues that in charging the jury, the court erroneously charged certain inapplicable sections of the arson statute while failing to charge the section under which he was actually indicted, thereby leaving the jury no legal basis upon which to find him guilty of the offenses set forth in the indictment.

Both counts of the indictment alleged that the appellant had committed arson in the first degree by causing damage to a building which was insured against loss or damage by fire without the consent of both the insured and the insurer. See generally OCGA § 16-7-60 (a) (3). In its charge to the jury, the trial judge read both counts from the indictment but later defined arson in the first degree only as set out in subsections (a) (1) [burning a dwelling house], (a) (2) [burning a structure designed for use as a dwelling], and (a) (5) [burning a structure under life endangering circumstances], without making any reference to subsection (a) (3) of the statute, under which appellant had been indicted.

At the outset, we hold that this alleged error in the charge was waived by the appellant's failure to enumerate it as error. "Enumerations of error cannot be enlarged by means of statements in briefs of counsel to include issues not made in the former. [Cits.]" *Neal v. State*, 160 Ga. App. 834, 836 (288 SE2d 241) (1982). Moreover, the alleged error was harmless. The elements of the offense for which the appellant was on trial were presented to the jury clearly when the court read the two counts of the indictment, and the indictment was also sent out with the jury during its deliberations. "There is no error

where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence. [Cits.]" *Shields v. State*, 171 Ga. App. 200, 201 (319 SE2d 72) (1984). See also *Collins v. State*, 145 Ga. App. 346 (4) (243 SE2d 718) (1978). The charge, read in its entirety, defined the offenses with sufficient clarity so as not to mislead the jury or subject the appellant to conviction of an offense for which he was not on trial. As for the sufficiency of the evidence, we are satisfied that the evidence adduced at trial was sufficient to enable any rational trier of fact to find appellant guilty on both counts of the indictment beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 3, 1985 —
REHEARING DENIED SEPTEMBER 24, 1985 — 

*W. Paschal Bignault, Penny J. Haas*, for appellant.
*J. Lane Johnston, District Attorney*, for appellee.