70352. PHILLIPS v. THE STATE.
(338 SE2d 57)

Deen, Presiding Judge.

Defendant was convicted in 1971 of five counts of armed robbery, two counts of aggravated assault, and one count of motor vehicle theft, all occurring on one occasion on March 31, 1971. He was sentenced to life imprisonment for each robbery, ten years imprisonment for each assault, and seven years imprisonment for motor vehicle

theft, with all sentences to run consecutively. Despite a timely request to appeal, trial counsel filed none. On September 25, 1984, upon habeas corpus petition, the court concluded that defendant had been denied his right to appeal and granted it out of time. Defendant's motion for court-appointed counsel for appeal was also granted.

1. The first enumeration of error concerns the trial court's charge to the jury on motor vehicle theft: "The defendant is also charged with motor vehicle theft, and I charge you that it is unlawful for any person to take the motor vehicle of another. That's a violation of the law of the State of Georgia; that is, the theft of a motor vehicle." Appellant points to the failure to charge specific intent as reversible error.

"[I]t is required in every criminal case for the trial judge to instruct the jury on each of the essential elements of the crime alleged in the indictment." *Smith v. State*, 140 Ga. App. 395, 396 (1) (231 SE2d 143) (1976). The definition of motor vehicle theft is subject to OCGA § 16-8-2 (Code Ann. § 26-1802), which defines theft by taking, and which includes intent to deprive the victim of the property as an essential element. *Martin v. State*, 143 Ga. App. 875, 876 (1) (240 SE2d 231) (1977). After instructing the jury on the offenses, including motor vehicle theft, the trial court charged the jury that "[a] crime is a violation of a statute of this State in which there shall be a union of joint operation of an act or an admission [sic] to act *and intention* . . . . I charge you a person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme, or undertaking, *or intention* . . . ." (Emphasis supplied.) Appellant asserts that this instruction was not sufficient to remedy the court's failure to properly enumerate the elements of the offense of motor vehicle theft because it related only to general intent, and that theft by taking, and therefore motor vehicle theft, is a specific intent crime. See *Secrist v. State*, 145 Ga. App. 391, 392 (243 SE2d 599) (1978).

The State argues that defendant waived his right to raise this enumeration by failing to object or preserve his right to object when exceptions were solicited by the trial judge at the completion of the charge. We agree. *Spear v. State*, 230 Ga. 74, 75 (1) (195 SE2d 397) (1973), holding that when an omission is clearly harmful and erroneous it is not necessary to make a request for instructions or make a timely objection on the failure to instruct, is inapplicable where, as here, at the end of the charge the trial judge asks, "Any exceptions on behalf of the defense?", and defense counsel responds, "No, sir." By failing either to object or to reserve the right to object later after the trial court specifically inquired as to exceptions, the appellant waived the right to object. *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980); *Taylor v. State*, 174 Ga. App. 323 (1) (329 SE2d 625) (1985).

In addition, the general charge was given as to criminal intention, and it is highly probable that any error would be harmless due to the overwhelming evidence against the defendant. See *Coleman v. State*, 237 Ga. 84 (2) (226 SE2d 911) (1976); *Gibbs v. State*, 168 Ga. App. 417 (1) (309 SE2d 412) (1983).

2. The second enumeration relates to the trial court's response to the following question asked by the jury foreman during the sentencing phase: "[I]n the case of a life sentence or in the case of a specified number of years, if the word 'consecutively' was used, to what extent would that be the maximum time of service that a man would be required to serve?" The court responded: "This would be a matter that I can't comment on. It's a matter that addresses itself to the pardon and parole board, and I am not allowed to comment on it, because if I did, it would be an error in the case, and the appellate courts have so held. I can't comment on anything that the pardon and parole board might do or would do under any given set of facts. I'm sorry I can't answer it, but the appellate courts have said it is an error for the trial courts to answer that particular question."

Appellant argues that the trial court with its response intimated that the Pardons and Paroles Board might change the sentence imposed. "It is reversible error in a criminal case for the trial judge to give any charge pertaining to the duties and functions of the State Board of Pardons and Paroles." *Hall v. State*, 104 Ga. App. 10 (120 SE2d 925) (1961). "[T]he judge is not authorized to influence them [the jury] in any manner as to what the Pardon and Parole Board . . . might do in performing their duties under the law." *Tucker v. State*, 244 Ga. 721 (11) (261 SE2d 635) (1979). However, as defendant did not object at trial to the court's response, this enumeration is deemed waived. *Tucker v. State*, 245 Ga. 68, 72-73 (263 SE2d 109) (1980). In addition, the trial court did not intimate what the Pardons and Paroles Board might do in the performance of its duties, cf. *McKuhen v. State*, 216 Ga. 172 (5) (115 SE2d 330) (1960), nor did it announce what its duties are. The court refused to answer the jury's question because it involved a matter of parole, "thus maintaining the neutrality required by statute [OCGA § 17-8-76]." *Tucker*, supra. Accord *Thomas v. State*, 240 Ga. 393 (6) (242 SE2d 1) (1977). We find no error.

*Judgment affirmed. Banke, C. J., Birdsong, P. J., Carley, Pope, and Benham, JJ., concur. Sognier, J., concurs in the judgment only. McMurray, P. J., and Beasley, J., dissent.*

BEASLEY, Judge, dissenting.

I concur fully in Division 2 of the opinion. But I cannot agree that the charge on general criminal intent was adequate as a matter of law to remedy the complete absence of a charge that the jury was

required to find defendant had the intent to deprive the victim of the vehicle. As the majority recognizes, what the jury convicted defendant of is a specific intent crime. See *Secrist v. State*, 145 Ga. App. 391, 392 (243 SE2d 599) (1978).

As to waiver, "present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving of or the failure to give instructions to the jury. [Cit.]. This does not relieve him from the necessity of requesting instructions or making timely objection in the trial court on the failure to give instructions, except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." *Spear v. State*, 230 Ga. 74, 75 (1) (195 SE2d 397) (1973). The omission from the charge enumerated falls within this exception. Because the instruction as given did not provide the jury with the elements they had to find present beyond a reasonable doubt, there was no waiver by defendant's failure to make a timely objection at trial. Compare *Hardin v. State*, 141 Ga. App. 115, 116 (2) (232 SE2d 631) (1977), where the court stated the exception but found that the trial court "adequately informed the jury of the legal guidelines necessary to decide the issues before it." More recently, the principle was discussed in *Brown v. State*, 157 Ga. App. 473, 475 (278 SE2d 31) (1981). Although the exception was held not to apply, the failure to charge at issue there did not relate to an element of the offense.

Here, it was incumbent on the judge to give the instruction even without defendant calling it to his attention. The duty of the court to instruct on the very elements of the crime, the sine qua non of guilt, is fundamental. Failure to fulfill this minimal obligation should not be excused by the defendant's failure to insist on it. Otherwise a person stands convicted by a decider of guilt or innocence who was unaware of the essential ingredients of the offense. No charge as to the specific intent element of motor vehicle theft was given, thus causing reversible error. *Sosebee v. State*, 169 Ga. App. 370, 372 (6) (312 SE2d 853) (1983).

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED NOVEMBER 14, 1985.

*Stanley C. House*, for appellant.

Forrest W. Phillips, *pro. se.*

*Sam B. Sibley, Jr., District Attorney, Michael J. Bowers, Attor-*

*ney General,* for appellee.