## 71154. WHITEHEAD v. THE STATE.
(339 SE2d 365)

DEEN, Presiding Judge.

On July 7, 1983, the appellant, Ben Whitehead, and a cohort, Larry Wilson, purchased one-way bus tickets from Macon to Eastman, Georgia. Once in Eastman, they proceeded to Fred's Department Store, where, according to the state's evidence, they bungled a till-tapping. Whitehead and Wilson were subsequently charged with and convicted of attempted robbery by sudden snatching. On appeal, Whitehead contends that the trial court erred in the jury charge. *Held:*

1. The trial court instructed the jury that "a person commits the offense of robbery when, with intent to commit theft, he takes property of another by sudden snatching." As pointed out by the appellant, this definition unfortunately omitted the essential element of taking the property from a person or the immediate presence of that person. OCGA § 16-8-40 (a). Earlier in the jury charge, however, the trial court specified that under the indictment Whitehead had been charged with attempted robbery "by attempting to take property of value, to wit, U. S. currency from the immediate presence of Teresa Hicks by sudden snatching"; and immediately following the incomplete definition of robbery, the trial court advised the jury that if it

found beyond a reasonable doubt that Whitehead (and Wilson) attempted to commit the offense of robbery as charged in the indictment, it should convict.

Generally, " '[u]pon the trial of a criminal case, the trial judge, in his charge to the jury, with or without request, should instruct them as to the general principles of the law which of necessity must be applied by them in reaching a correct conclusion upon the questions submitted for their consideration.' *Sledge v. State*, 99 Ga. 684 (1) (26 SE 756). 'The jury should be informed of the crime charged, in order to enable them, by applying the law to the facts established by the evidence, to determine whether or not the accused is guilty.' *McDow v. State*, 113 Ga. 699 (39 SE 295)." *McGruder v. State*, 213 Ga. 259, 261 (98 SE2d 564) (1957).

The Supreme Court in *McGruder*, however, left it an open question whether or not reading the indictment could suffice as definition of the charged offense. At least by *obiter dictum*, this court has recently intimated that omission of an element in defining a crime was harmless where all the elements were clearly presented to the jury when the trial court read the indictment and the indictment was sent out with the jury. *Baxter v. State*, 176 Ga. App. 154, 157 (7) (335 SE2d 607) (1985). Under the similar circumstances presented by the instant case, where the omission apparently was inadvertent and the jury otherwise was in fact clearly informed of all the elements of attempted robbery by sudden snatching, we conclude that the omission was harmless.

2. The appellant also contends that the trial court should have given the requested jury charge on attempted misdemeanor theft by taking and criminal trespass as lesser included offenses. The state's evidence showed that Wilson, Whitehead's cohort in crime, tossed some coins onto the floor while paying for some merchandise, and that while the sales clerk bent over to pick them up, Whitehead reached for the opened money tray of the cash register. Another store clerk emerged from a nearby stock room and observed Whitehead's hand in the tray where the $20 bills were kept; upon being thus noticed, Whitehead closed the cash register drawer. At trial, Wilson denied even going to the counter and register where this incident took place, and Whitehead claimed that he had noticed the opened cash register drawer and had closed it to be helpful. He specifically denied having any intent to steal any money or other property from the department store. He also explained that he and Wilson had come to Eastman to consult with a black root doctor on how to improve their luck, and that they had entered Fred's Department Store because Wilson needed to buy some stockings.

Thus, the evidence of the state and that of Whitehead and Wilson showed that either an attempted robbery by sudden snatching

occurred or that no crime at all was committed. With such a situation, there was no error in failing to charge the jury on the lesser offense of theft by taking, as well as criminal trespass. *Durden v. State*, 161 Ga. App. 314 (287 SE2d 767) (1982); *King v. State*, 127 Ga. App. 83 (192 SE2d 392) (1972).

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Division 2; I concur in Division 1 except that I would not place very heavy reliance on *Baxter v. State*, 176 Ga. App. 154, 157 (7) (335 SE2d 607) (1985). It is dangerous for the trial court, in instructing the jury what law to apply in deciding a criminal case, not to clearly state what the elements of the crime are. Where the indictment is artfully drawn so as to clearly recite them, reading the indictment may be sufficient because it tells the jury precisely what they must find as fact, beyond a reasonable doubt, in order to return a verdict of guilty. But when the reading of the indictment does not do the job, the court is obligated to go further, filling in what might not be clearly stated for the jury's understanding. When the court reads the indictment and also undertakes to set out the elements as such, such undertaking should be complete and correct; otherwise there is substantial room for confusion by the jury which could choose to base a verdict on finding only the elements itemized by the court, having given heed to the court's caution that the indictment is merely the means by which the State charges the defendant. In *Baxter*, the trial court defined arson *differently* than the indictment charged.

In the instant case, the definition, that is, a recitation of the elements, was not in conflict with what was in the indictment. In its instructions to the jury, the court read the indictment as constituting what defendant was charged with, including that there was an attempt to take property from the immediate presence of Teresa Hicks by sudden snatching. It also instructed the jury that the allegations of the indictment and the plea of not guilty formed the issue it was to try, that is, whether he was "guilty of the crime charged in this indictment." Finally, it charged that if it found beyond a reasonable doubt that defendant "did intentionally attempt to commit the offense of robbery as charged in this Bill of Indictment," then it should find defendant guilty. There is thus no basis for jury confusion here or lack of understanding that it had to find a taking from a person or from the immediate presence of a person. Compare *Phillips v. State*, 176 Ga. App. 834 (338 SE2d 57) (1985). What the trial court must assure is that the jury is aware of the facts it must find in order to convict; if the charge as a whole falls short in conveying the elements, it cannot be concluded that the jury was aware of the elements and

that it did not base guilt upon a misunderstanding of what constituted the crime.

DECIDED DECEMBER 5, 1985 —
REHEARING DENIED DECEMBER 18, 1985.

· *W. Dennis Mullis*, for appellant.
*James L. Wiggins, District Attorney, Michael T. Solis, Assistant District Attorney*, for appellee.