## 54834. CORSON et al. v. THE STATE.

Banke, Judge.

Paul and Llewellyn Corson were arrested for detonating a dynamite bomb which destroyed a Corvette automobile owned by Randy Mincey and which damaged two other automobiles parked adjacent to it. They were indicted for first degree arson, possession of explosives, aggravated assault, and two counts of criminal damage to property in the second degree. A jury found them guilty of the arson and criminal damage to property counts and acquitted them of aggravated assault. They were acquitted by directed verdict of the possession of explosives charge.

1. (a) The evidence was more than sufficient to support the conviction for first degree arson. Following his arrest and incarceration, Paul Corson admitted to two fellow inmates at the jail that he had bombed Mincey's car in retaliation for the latter's having sold him some unsatisfactory marijuana. He also explained the details of how the bomb was constructed, stated that his brother Llewellyn had participated, and disclosed the location where a case of remaining dynamite had been hidden along with a box of tools. Both the dynamite and the tool box were recovered at this location, and Llewellyn's fingerprints were lifted from the tool box. This evidence was supplemented by other evidence verifying Paul Corson's statements.

(b) The acquittal for aggravated assault is not inconsistent with the arson conviction. The bomb was exploded in a parking lot outside an apartment complex.

The finding that the defendants did not intend to kill anyone in particular did not preclude a finding that it was "reasonably foreseeable that human life might be endangered." Code Ann. § 26-1401 (a) (Ga. L. 1968, pp. 1249, 1283).

(c) The convictions for criminal damage to property in the second degree, however, are not authorized. These charges were based on the damage which the bomb caused to the two automobiles adjacent to Mincey's. As such, they must be considered lesser included offenses in the crime of first degree arson.

Under Code Ann. § 26-506 (a) (1) (Ga. L. 1968, pp. 1249, 1267) an accused may be prosecuted but not convicted of more than one crime arising out of the same conduct if "one crime is included in the other." A crime is included in another when: "(a) It is established by proof of the same or less than all the facts *or* a less culpable mental state than is required to establish the commission of the crime charged, or (b) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest *or* a lesser kind of culpability suffices to establish its commission." Code Ann. § 26-505 (Ga. L. 1968, pp. 1249, 1267). (Emphasis supplied.) See *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974); *Pryor v. State,* 238 Ga. 698, 700 (234 SE2d 918) (1977).

Under Code Ann. § 26-1401 (c), supra, a person commits first degree arson when he knowingly damages by means of fire or explosive "any building, vehicle, railroad car, watercraft, aircraft, or other structure under such circumstances that it is reasonably foreseeable that human life might be endangered." Under Code Ann. § 26-1502 (b) (Ga. L. 1968, pp. 1249, 1285) a person commits criminal damage to property in the second degree when he "recklessly, or intentionally, by means of fire or explosive, damages property of another person. . ." Necessarily, anyone who commits first degree arson has also committed criminal damage to property, provided that the property damaged belongs to another person, as was, of course, the case here. Since the latter crime was established by proof of the same conduct as the former but required proof of a "less culpable mental state" (Code

Ann. § 26-505 (a), supra), it is an included crime in first degree arson. Thus, under Code Ann. § 26-506 (a), supra, the defendants may not be convicted of both.

The state cites *Webb v. State,* 68 Ga. App. 466 (23 SE2d 578) (1942), in support of its position that the three offenses are separate and distinct. In *Webb* it was held that a single act of ramming a car containing five people could result in separate convictions for the death or injury of each occupant. That case is clearly distinguishable from the case before us now. *Webb* involved a crime against persons. The crime involved here, on the other hand, is a crime against the general public interest. The distinction is readily apparent in the criminal law. For example, whereas a person may by a single act, such as shooting into a crowd, commit separate crimes against separate persons, if he by a single act takes property belonging to several people, he has offended only one public interest, that of ownership, and can be found guilty of only one theft. See *Dean v. State,* 9 Ga. App. 571 (71 SE 932) (1911); *Lowe v. State,* 57 Ga. 171 (1876).

In the situation before us now, we have one act, directed not against individuals, since none happened to be present, but against the public interest in the protection of life and property in general. Therefore, only one crime has been committed. The conviction for criminal damage to property must accordingly be set aside as a lesser included offense in first degree arson. See *Chumley v. State,* 235 Ga. 540 (2) (221 SE2d 13) (1975).

2. Although the indictment alleged that the Corvette was worth more than $5,000, this fact was never proven. The defendants contend that this omission resulted in a fatal variance between the allegata and the probata. We disagree. As indicated above, the value of the property damaged need not be proven to establish the crime of first degree arson. An unnecessary description of an unnecessary fact contained in an indictment need not be proven. *Hall v. State,* 120 Ga. 142 (1) (47 SE 519) (1904); *Bell v. State,* 227 Ga. 800 (1) (183 SE2d 357) (1971).

The defendants also contend that the ownership of the Corvette was not proven as alleged. Assuming arguendo that this assertion would have any significance if true, an examination of the record reveals it to be

incorrect.

3. The defendants enumerate as error the admission of a pre-trial statement made to police by Amy Corson, the defendants' sister and a co-indictee. Although Amy did not state directly that her brothers had done the bombing, she did state that they had two cases of dynamite, that they had ill feelings towards Randy Mincey, that she "had overheard that something was going on," and that she strongly suspected their involvement in the crime.

Under Code §§ 38-306 and 38-414, a statement to police by a conspirator following his or her arrest which incriminates a co-conspirator as a party to the crime is not admissible at the trial of the co-conspirator. *Munsford v. State,* 235 Ga. 38, 43 (218 SE2d 792) (1975); *Crowder v. State,* 237 Ga. 141, 152 (227 SE2d 230) (1976). Amy Corson was under arrest when she made her statement, she was indicted as a co-conspirator, and her statement was directed against the two brothers. It was, therefore, error to admit it over objection.

We do not, however, find that the error was harmful. Prior to her arrest, Amy had told several co-workers on her job that she had dynamite for sale, and had boasted to them of her brothers' involvement in the bombing when the story appeared in the newspaper. These co-workers testified at trial. Thus, the statements objected to were merely cumulative. Furthermore, the other evidence in the case overwhelmingly established the defendants' guilt. For these reasons, we do not find that "there is a reasonable possibility that the improperly admitted evidence contributed to the conviction"; and, consequently, we do not find grounds for reversal. Schneble v. Florida, 405 U. S. 427, 432 (92 SC 1056, 31 LE2d 340) (1970); *State v. Hightower,* 236 Ga. 58, 61 (222 SE2d 333) (1976); *Crowder v. State,* 237 Ga., p. 155, supra.

4. No abuse of discretion is shown in the trial court's denial of the defendants' motion for severance. The enumeration of error directed to this issue is accordingly without merit. See Code § 27-2101; *Ingram v. State,* 134 Ga. App. 935 (3) (216 SE2d 608) (1975); *Padgett v. State,* 142 Ga. App. 139 (235 SE2d 643) (1977).

5. The defendants enumerate as error the trial court's failure to charge the jury, without request, on

possession of explosives as a lesser included offense in the crime of first degree arson. This enumeration is based on the Supreme Court's ruling in *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354) (1976), which requires the trial court to charge the jury on each count in the indictment "unless the evidence does not warrant a conviction of such crime, or unless the state has affirmatively withdrawn a crime or stricken it from the indictment. . .."

The judge did not charge on possession of explosives because he had directed a verdict of acquittal on that count. He apparently did so under the erroneous assumption that this count had reference to the dynamite that was used in the bomb and that as such it was a lesser included offense which could not go to the jury simultaneously with the first degree arson count. The state, however, had actually intended the possession count to apply to the large quantity of dynamite that was subsequently recovered intact after the explosion rather than to the dynamite used in the bomb.

Although the defendants' argument is inspired, we are unable to accept it. The possession count was in the indictment as a separate and distinct offense, based on separate conduct, not as a lesser included offense to arson. Thus, convictions for both offenses would have been authorized under Code Ann. § 26-506, supra. By directing a verdict on the possession count, the trial judge made a conclusive determination that the evidence was insufficient to "warrant a conviction of such crime" and, therefore, relieved himself of any duty to charge the offense, absent a specific request that it be charged as a lesser included offense to arson. See *State v. Stonaker,* supra, p. 2.

Although counsel for the defendant also contends that the directed verdict itself was reversible error and although such a ruling would not be a manifest injustice, nevertheless, we must adhere to the well-established rule that a judgment of acquittal may not be appealed.

6. The remaining enumerations of error are either rendered moot by the foregoing or are without merit.

*Judgment affirmed as to the first degree arson conviction; judgment reversed as to the criminal damage to property convictions. Shulman and Birdsong, JJ., concur.*

SUBMITTED NOVEMBER 8, 1977 — DECIDED JANUARY 5, 1978 — REHEARING DENIED JANUARY 23, 1978 —

*Barnes & Browning, Thomas J. Browning,* for appellants.
*Thomas J. Charron, District Attorney, Gary O. Walker, Sallie G. Thompson, Assistant District Attorneys,* for appellee.