## 65047. TUTT v. THE STATE.

Sognier, Judge.

Appeal from a conviction of armed robbery. Appellant contends the trial court erred (1) by allowing evidence of an independent crime when it was not shown that appellant was the perpetrator of that crime; (2) by asking for the numerical division of the jury as to guilt or innocence while the jury was still deliberating; (3) by mentioning the expense of a retrial to the jury; and (4) by giving the so-called "dynamite" charge to the jury when they were unable to reach a decision.

About 9:15 p.m. the Lo-Lo self-service station near Fort Gordon, Georgia was robbed at gunpoint. Two shots were fired during the robbery; appellant and a second man waiting outside then ran and escaped in a blue Chevelle. During the robbery appellant was wearing a panty-hose mask over his head and face. Based on a description given to the police, appellant was apprehended around midnight and returned to Lo-Lo's, where he was identified positively by an employee and the store manager.

1. The state presented evidence that on the day preceding the robbery in the instant case a grocery store in Columbia County was robbed by a man with a ladies stocking over his head. He was carrying a nickel-plated pistol and was dressed in blue jeans and blue denim tennis shoes. A second man was with the robber, waiting outside; the robber fired a shot while leaving, and the two men escaped in a blue Chevelle. The robber was of the same height and build as appellant.

In the instant case appellant was wearing cutoff pantyhose over his head and face; he was carrying a silver-colored pistol; he fired two shots during the course of the robbery; his dress and build were the same as the robber's the preceding night; and he escaped in a blue

Chevelle. A pair of blue denim tennis shoes were found in a blue Chevelle at the scene of appellant's apprehension. Although the victim of the robbery in Columbia County could not identify appellant positively, the victim testified that appellant was of the same height and build and had the same physical characteristics as the man who robbed the victim. Because appellant could not be identified positively as the person who robbed the grocery store in Columbia County, he contends that evidence of an independent crime was not admissible.

"[B]efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.]" *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977). Although appellant was not identified positively as the perpetrator of the earlier robbery, the two offenses were strikingly similar in all respects, and we have held that "[c]ircumstantial evidence may be used to establish a prior similar offense. [Cit.]" *Smith v. State,* 154 Ga. App. 497, 499 (268 SE2d 714) (1980). The court instructed the jury properly as to evidence of an independent crime, and there was sufficient circumstantial evidence to support a finding that appellant was the perpetrator of the earlier robbery if the jury chose to believe such evidence. Accordingly, no error was committed by allowing evidence of an independent crime. Id.

2. Appellant's remaining enumerations of error deal with the giving of the "dynamite" or "Allen" charge (Allen v. United States, 164 U.S. 492 (17 SC 154, 41 LE 528)), and will be discussed together.

After deliberating for approximately one and one-half hours, the court was informed by the jury foreman that the jury was "split pretty wide." The judge asked for the division, but told the foreman not to state who was for guilty and who was for not guilty. Nevertheless, the foreman said that they started 8 guilty and 4 not guilty. The judge admonished the foreman that he did not want to know "who is for what," but wanted to know only the division. The foreman replied that it was then 9 and 3. The court then gave the "Allen" charge to the jury.

Appellant contends it was error for the court to ask how the jury was divided, but he made no objection to the court's questions at the trial. It is well settled that this court will not consider questions raised for the first time on appeal. *Scott v. State,* 243 Ga. 233 (253 SE2d 698) (1979); *Sanders v. State,* 134 Ga. App. 825, 826 (216 SE2d 371) (1975). Further, this court has held that where a court merely seeks the

numerical division of a jury and a juror volunteers the number voting guilty or not guilty, reversal is not mandatory in the absence of other factors suggestive of a prejudicial result. *Huffaker v. State,* 119 Ga. App. 742, 743 (168 SE2d 895) (1969). No such factors appear in the instant case.

In regard to appellant's contention that it was error for the trial court to mention the expense of a retrial during its "Allen" charge, the trial court made no reference whatsoever to the expense of a retrial. Hence, there is nothing for us to review. *Ingram v. State,* 160 Ga. App. 300, 301 (3) (287 SE2d 304) (1981).

Finally, appellant contends it was error for the trial court to give the "Allen" charge because it tended to coerce the minority to decide the case on impermissible factors. Although appellant does not suggest what those factors might be, we have examined the "Allen" charge in its entirety and find nothing coercive therein. Further, an "Allen" charge in language almost identical to that given in the instant case was approved in *Ponder v. State,* 229 Ga. 720 (194 SE2d 78) (1972). Accordingly, we find no error.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 23, 1983 —
REHEARING DENIED MARCH 10, 1983 —

*John Paul Batson,* for appellant.
*Sam B. Sibley, Jr., District Attorney,* for appellee.