67156, 67157. FLEMING v. THE STATE (two cases).

POPE, Judge.

Charles Richard Fleming was charged with and convicted of possession of marijuana with intent to distribute. He appeals alleging the general grounds, error in the charge, error by the trial court in admitting evidence of independent drug transactions, and in denying bond pending appeal.

The evidence was largely circumstantial; however, the jury was authorized to find the following. On August 16, 1982 police observed a large number of people lined up at the back door of Apartment B at 871 Welch Street in Atlanta. Acting on information that marijuana was being sold there, a police undercover agent joined the line and purchased a "nickel bag" of marijuana. The drug was in a small manila envelope. Sales were made through a hole in the screen door and a hole in the burglar bars affixed to the back door. On August 25, 1982 the undercover agent returned and purchased two more manila envelopes containing marijuana. The policeman identified Milton Grier as the man from whom he made both purchases. (Grier was indicted along with Fleming, but pleaded guilty.) The policeman also testified that each time he made a purchase he could hear other male voices inside the apartment, although he could see no one other than Grier.

Shortly after the policeman made the August 25 buys, he returned to the apartment with colleagues and search and arrest warrants. Upon arrival, the police observed Grier seated at the kitchen table and Fleming standing at the back door. Fleming unlocked the front door and let the police inside using a key in his possession. Twenty-three manila envelopes containing marijuana, as well as a half-pound of loose marijuana, lay on the kitchen table in plain view. Fleming and Grier were the only people in the apartment when the police arrived. Fleming told one of the officers present that he lived both in Apartment B and also in Apartment A where his mother and brother also lived. In Apartment B, from which sales were being made and in which the police found the marijuana, the police also found a Doberman Pinscher dog; Fleming said the dog was his, calmed him, and put him outside. In the apartment police found several dog registration certificates in Fleming's name, laundry bills in Fleming's name, and Fleming's laundry hanging in one of the two bedroom closets. Fleming testified that he knew marijuana when he saw it, and that he had an idea that Grier was selling marijuana from the apartment. Fleming denied ever selling or possessing marijuana, denied living in Apartment B, and stated he was simply visiting.

Grier waived his right against self-incrimination and testified for Fleming, basically supporting Fleming's testimony that Fleming was merely present during Grier's selling activities.

For purposes of showing a scheme or pattern of regular marijuana sales from Apartment B, 871 Welch Street, the state adduced evidence of a subsequent police buy of marijuana and search on November 24, 1982. At that time, Fleming was again present in Apartment B. Money taken from his shirt pocket contained the $10 bill used by the undercover agent to buy the marijuana at the apartment earlier on November 24, 1982. A small amount of marijuana was found in the attic.

1. Although the evidence against Fleming is circumstantial, and is in conflict, we cannot substitute our judgment for that of the jury. This court is bound to take the evidence most strongly in favor of the jury's verdict. *Mills v. State,* 137 Ga. App. 305 (1) (223 SE2d 498) (1976). "Where the testimony of the state and the defendant is in conflict, the jury is the final arbiter." *Sims v. State,* 137 Ga. App. 264 (223 SE2d 468) (1976). "The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence exclude every reasonable hypothesis except the guilt of the accused, not that it removes every possibility of his innocence. [Cits.]" *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528) (1980). We find that any rational trier of fact could have found Fleming guilty as charged beyond a reasonable doubt. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, those enumerations dealing with the sufficiency of the evidence are without merit.

2. We decline Fleming's invitation to reconsider our position that it is not error for the court to charge, in relation to marijuana possession, that the burden is on the accused to show his authority to possess such marijuana as provided by law. *Mobley v. State,* 162 Ga. App. 23 (3) (288 SE2d 702) (1982).

3. There was no error in the trial court's admission of evidence of the drug purchase by police on August 16, 1982. " 'Evidence which in connection with other evidence tends, however slightly, to prove, explain or illustrate a fact, even though it may not be sufficient, standing alone, to sustain a finding of such fact, is relevant, has probative value and is admissible as against objection as to its relevancy. "(D)oubt as to (relevancy) should be resolved in favor of admission and against exclusion, sufficiency not being a test or condition of admissibility." [Cit.]' " *Pressley v. State,* 162 Ga. App. 457, 458 (291 SE2d 754) (1982). Nor did the court err in admitting evidence of the November 24, 1982 drug transaction. See *Tutt v. State,* 165 Ga. App. 715 (1) (302 SE2d 580) (1983). We also note that

Fleming, through counsel, acquiesced in its admission provided that the trial court give the necessary cautionary instruction, which the court did.

4. Finally, we find no error in the trial court's denial of Fleming's motion for bond pending appeal. See *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1976).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 3, 1984.

*Hirsch Friedman, Alan Z. Eisenstein,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas W. Hayes, Margaret V. Lines, Assistant District Attorneys,* for appellee.