### 69049. SMITH v. THE STATE.
(327 SE2d 781)

BEASLEY, Judge.

Defendant appeals his conviction for violation of the Controlled Substances Act by selling diazepam (Valium). *Held*:

1. There was no error in overruling a hearsay objection to a State's witness relating what a codefendant said in the presence of the defendant at the time the offense was being committed. "Such testimony is not inadmissible on the ground that it is hearsay. A witness may testify as to what he saw and heard in the defendant's presence. [Cit.]" *Moore v. State*, 240 Ga. 210 (2), 212 (240 SE2d 68) (1977).

2. Grant of the State's motion in limine, to prevent defense cross-examination of two State's witnesses to the crime as to why they left the sheriff's department over a year after the offense was committed, was not error as such evidence was irrelevant to the issues being tried. "The right of cross-examination is not abridged where the examination is limited by the trial court to relevant matters by proper questioning." *Johnson v. State*, 158 Ga. App. 333, 334 (280 SE2d 379) (1981).

3. Defendant claims the trial court violated OCGA § 17-8-55, which prohibits a judge from expressing an opinion on the evidence. However, defendant made no objection to the judge's comments nor did he move for a mistrial. " 'The question of whether [OCGA § 17-8-55] has been violated is not reached unless an objection or motion for mistrial is made.' " *Driggers v. State*, 244 Ga. 160 (2), 162 (259 SE2d 133) (1979).

4. As we find the evidence sufficient to meet the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the enumeration asserting error for denial of a directed verdict is without merit. *Fleming v. State*, 169 Ga. App. 406 (1) (312 SE2d 869) (1984).

5. The transcript does not support the enumeration that the trial court intimidated a defense witness.

6. After the defendant testified that he was not guilty, the trial court sustained an objection to the question to defendant as to whether he told the arresting officers he was not guilty. This was not error under the circumstances as prior statements of a witness consistent with his testimony are inadmissible. *Tucker v. State*, 244 Ga. 721 (5), 727 (261 SE2d 635) (1979).

7. The remaining enumerations have no merit.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MARCH 5, 1985.

*John N. Crudup*, for appellant.
*Bruce L. Udolf, District Attorney, Charles H. Frier, Assistant District Attorney*, for appellee.