### 74158. GUNDER v. THE STATE.
(358 SE2d 284)

POPE, Judge.

Appellant was indicted on two counts of arson in the first degree.

The trial court granted a directed verdict as to Count 2 of the indictment and the jury found appellant guilty of criminal damage to property in the second degree on Count 1. *Held*:

Appellant contends that the trial court erred in failing to direct a verdict of acquittal based on the State's failure to show damage to the dwelling house of another, which is an essential element of the crime charged. OCGA § 16-7-60 (a). In a related enumeration, appellant contends that the trial court erred in charging the jury on the offense of criminal damage to property in the second degree.

The State contends that the trial court did not err in refusing to grant appellant's motion for a directed verdict because the evidence adduced at trial showed that the mobile home in which appellant allegedly started the fire suffered smoke damage, which is sufficient to constitute "damage" as that term is used in OCGA § 16-7-60. *Smith v. State*, 140 Ga. App. 200 (1) (230 SE2d 350) (1976). Although the State points to testimony that the occupant of the mobile home opened the door after the fire to let smoke out, the record shows that the testimony of all witnesses who had occasion to inspect the damage caused by the fire was unequivocal that the only damage was to the bed and bed coverings on which the fire was set. Thus, we agree with appellant that the State failed to show damage to the dwelling house of another as charged in the indictment and as provided in OCGA § 16-7-60.

The State argues, however, that even if a conviction was not authorized on the charge of arson in the first degree, the evidence was sufficient to convict on the lesser included offense of criminal damage to property in the second degree. OCGA § 16-7-23 (a) (2).

Under OCGA § 16-1-6 an accused may be convicted of a lesser included offense to the crime charged in the indictment or accusation. "A crime is so included when: (1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." "To warrant conviction of a lesser offense on an indictment or information charging a greater offense, it is essential that the allegations describing the greater offense contain all the essential averments relating to the lesser offense or that the greater offense necessarily include all the essential ingredients of the lesser." *Porter v. State*, 163 Ga. App. 511, 513 (295 SE2d 179) (1982); *Tuggle v. State*, 145 Ga. App. 603 (1) (244 SE2d 131) (1978).

In the present case the indictment did "charge and accuse [appellant] with the offense of arson in the first degree for that the [appellant] . . . did . . . unlawfully and knowingly damage, by means of

fire, the dwelling house of another . . . ." OCGA § 16-7-60 (a). Under OCGA § 16-7-23 "[a] person commits the offense of criminal damage to property in the second degree when he: . . . (2) [r]ecklessly or intentionally, by means of fire or explosive, damages property of another person. . . ."

In *Corson v. State*, 144 Ga. App. 559 (1) (c) (241 SE2d 454) (1978), we considered whether under the facts of that case, defendants could be convicted of both arson in the first degree and criminal damage to property in the second degree, and found that "[n]ecessarily, anyone who commits first degree arson has also committed criminal damage to property, provided that the property damaged belongs to another person. . . . Since the latter crime was established by proof of the same conduct as the former but required proof of a 'less culpable mental state' [(OCGA § 16-7-23)], it is an included crime in first degree arson." Id. at 560.

Likewise, in the case sub judice we also find that arson in the first degree as charged in the indictment necessarily involved criminal damage to property as defined in OCGA § 16-7-23 (a) (2). See generally *Terry v. State*, 166 Ga. App. 632 (305 SE2d 170) (1983). Hence, the trial court did not err in so charging and the jury conviction of the lesser offense was authorized.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED MAY 28, 1987.

*Howard S. McKelvey*, for appellant.
*John R. Parks, District Attorney*, for appellee.