*sistant District Attorney*, for appellee.

### 77126. BRYANT v. THE STATE.
(373 SE2d 289)

DEEN, Presiding Judge.

Ricky Bryant was indicted and tried for arson in the first degree, but convicted of the lesser included offense of criminal damage to property in the second degree. On appeal he asserts the general grounds, contending that the evidence was insufficient to prove beyond a reasonable doubt that he committed the crime for which he was convicted. *Held*:

An arson investigator for the Atlanta Fire Bureau testified that a fire which originated in the apartment of appellant's girl friend, in a building owned by John Kernachan, had been started in three separate rooms of the apartment and that the cause of the fire was incendiary. A neighbor testified that he heard a mild explosion shortly before the fire, and other evidence showed that some bricks had been blown off the exterior of the apartment unit. Appellant told the investigator that he had become angry about his girl friend's behavior and had thrown a brass vase at a television set and that this act probably caused the explosion. He also claimed that he took forty or more bottles of perfume and cologne and threw them against the wall, and that he threw clothes about her bedroom and poured men's cologne over them. The battalion chief in charge of the northwest Atlanta division of the fire department which responded to the fire alarm testified that "there was a very intense fire rolling inside this apartment," that appellant approached him while the firemen were fighting the blaze and expressed concern as to whether the firefighters were going to be able to put the fire out without anyone being hurt, that "his girlfriend had been messing around on him," and that he had "messed up her apartment and put gasoline on it."

Criminal damage to property in the second degree is a lesser included offense of arson in the first degree. *Gunder v. State*, 183 Ga. App. 122, 124 (358 SE2d 284) (1987). OCGA § 16-1-6 permits an accused to be convicted of a lesser included offense to the offense charged in the accusation or indictment when: "(1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." To warrant a conviction of the lesser offense than that charged in the accusation or indictment, "the allegations

describing the greater offense must contain all the essential averments relating to the lesser offense or that the greater offense necessarily include all the essential ingredients of the lesser." *Porter v. State*, 163 Ga. App. 511, 513 (295 SE2d 179) (1982).

In the instant case, the indictment contained the essential provisions of OCGA § 16-7-60 (a) in contending that Bryant "did unlawfully, by means of fire, knowingly and intentionally damage the dwelling house of John Kernachan, without his consent . . . (address stated) and occupied by Diane Bellamy." Under OCGA § 16-7-23, "[a] person commits the offense of criminal damage to property in the second degree when he . . . (2) [r]ecklessly or intentionally, by means of fire or explosive, damages property of another person."

In *Corson v. State*, 144 Ga. App. 559 (1) (c) (241 SE2d 454) (1978), this court held that one who commits first-degree arson has also committed criminal damage to property when the property in question belongs to another, but while the latter crime is established by the same conduct as the former, it requires proof of a "less culpable mental state" under the criminal Code. OCGA § 16-1-6.

From the evidence adduced at trial, we find that a rational trier of fact could find beyond a reasonable doubt that Bryant committed the lesser included offense of criminal damage to property. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 21, 1988.

*John C. Tyler*, for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Joseph J. Drolet, R. Andrew Weathers, Assistant District Attorneys*, for appellee.