77312. LEVERETTE v. THE STATE.
(374 SE2d 803)

McMURRAY, Presiding Judge.

Defendant Leverette appeals his conviction of two violations of the Georgia Controlled Substances Act (sale of cocaine). *Held*:

1. At trial defendant relied upon an entrapment defense. Two law enforcement officers testified as to separate incidents during an undercover investigation in which one of them had accompanied a confidential informant to defendant's home and had purchased cocaine from defendant. Defendant testified that on each occasion Goff, an individual whom defendant suggested was the confidential informant, asked him to sell the cocaine to her sister-in-law (one of the undercover officers was identified to defendant by the confidential informant as a sister-in-law, the other undercover officer purported to make a purchase for the "sister-in-law"). According to defendant, Goff gave him the cocaine to sell and would return alone after the sale

to pick up the money. Defendant stated that he initially refused but participated because he felt sorry for Goff for financial reasons.

Defendant presented as his witness Applegate, a next-door neighbor of Goff. The trial court sustained the State's relevancy objection to two of defendant's questions to Applegate. The first question asked: "Were you familiar with [Goff's] circumstances at that time, whether she was married, had any children or anything like that?" Secondly, following Applegate's testimony that she had taken Goff somewhere the previous summer (the time during which the undercover investigation which ensnared defendant was being conducted) the second disallowed question was asked: "And on this particular occasion, what was the purpose of the trip?" Defendant's first enumeration of error challenged the trial court's sustaining of the State's relevancy objection to these questions. In that regard, defendant argues that the trial court's ruling prevented defendant from introducing evidence corroborative of his entrapment defense. Defendant's offer of proof revealed no relevant evidence responsive to the questions at issue, only that Goff was 19 or 20 years of age, was not working, had two children and that the purpose of the particular trip was to get milk for the younger child.

" 'Admission of evidence is a matter which rests largely within the sound discretion of the trial court and an appellate court will not interfere with its rulings absent abuse of that discretion. *Alexander v. State*, 239 Ga. 108, 110 (236 SE2d 83). If an item of evidence has a tendency to establish a fact in issue, then it is relevant and admissible. *Patterson v. State*, 233 Ga. 724, 725 (213 SE2d 612). Georgia law favors admission of any relevant evidence no matter how slight its probative value. *Baker v. State*, 246 Ga. 317, 319 (271 SE2d 360).' *Whisnant v. State*, 178 Ga. App. 742, 743 (344 SE2d 536). Under these circumstances the testimony which defendant sought to elicit lacked any probative value, and therefore, was properly excluded. *Alexander v. State*, 7 Ga. App. 88 (66 SE 274); *Butler v. State*, 173 Ga. App. 168 (1) (325 SE2d 835)." *Hanvey v. State*, 186 Ga. App. 690, 692 (4) (368 SE2d 357) (1988).

2. Defendant enumerates as error the trial court's instruction to the jury that, "[o]nly physicians, dentists, veterinarians or pharmacists are authorized to prescribe and dispense controlled substances, however, an individual such as defendant on trial, is not authorized to sell or dispense any controlled substance." Defendant argues that this charge is in direct conflict with the charge given on the entrapment defense so that the charge complained of served to negate the defense of entrapment. We find no error in the charge enumerated as error nor conflict with the entrapment defense. The entrapment defense is not a claim that the defendant was authorized to commit the act with which he is charged, but that the State impermissibly encouraged the

defendant to commit the crime. See generally *Keaton v. State*, 253 Ga. 70, 72 (316 SE2d 452) (1984).

3. Defendant's final enumeration of error contends a portion of the trial court's charge on entrapment was not adjusted to the evidence. The charge complained of states: "However, no entrapment exists where the *officers* merely furnish an opportunity to commit the criminal offense to a person who is ready and willing to commit the offense. If an *officer* of the law has reason to believe that the law is being violated, he may proceed to ascertain whether those who are thought to be doing so are actually committing a criminal offense. If the conduct of the *officer* is such as not to induce an innocence [sic] person to commit a crime, but to secure evidence upon which a guilty person can be brought to justice, the defense of entrapment is without merit." (Emphasis supplied.)

Defendant argues that the use of the word "officer(s)" as employed above, rather than a broader phrase, directed the jury to consider that an entrapment situation might exist only as a result of the conduct of a law enforcement officer and does not permit the jury to consider the conduct of the confidential informant. However, defendant's argument overlooks the fact that the language which defendant enumerates as error is immediately preceded by other portions of the charge which state that "a person is not guilty of a crime, if by entrapment, his conduct is induced or solicited by a government officer or employee or agent of either. . . . Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed, except for the conduct of such officer."

We must look at the whole charge on the subject and determine what consideration a reasonable juror might have placed on the contested charge. *Trenor v. State*, 178 Ga. App. 351, 355 (343 SE2d 408) (1986). In considering the trial court's entire charge on entrapment it is clear that a reasonable juror would recognize that the defense of entrapment could arise from the conduct of the confidential informant. The jury could not have been mislead in the manner argued by defendant. *Trenor v. State*, 178 Ga. App. 351, supra at 355; *Baxter v. State*, 176 Ga. App. 154, 157 (7), 158 (335 SE2d 607) (1985); *Graham v. State*, 175 Ga. App. 411, 413 (4), 414 (333 SE2d 664) (1985).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 19, 1988.

*Herbert E. Franklin, Jr.*, for appellant.
*David L. Lomenick, Jr., District Attorney, Scott K. Camp, David*

C. *Walker*, J. *Stephen Archer*, *Assistant District Attorneys*, for appellee.