## A89A1477. WALKER v. THE STATE.
### (386 SE2d 925)

BEASLEY, Judge.

Walker appeals his conviction of first degree arson, OCGA § 16-7-60 (a) (3), alleging two errors in the jury charge.

On May 13, 1988, a trailer owned by defendant's wife, Brenda Walker, and insured for over $20,000 by American Motor Home Insurance Company burned. The trailer was located in the small community of Chauncey near Eastman. The fire department responded to the alarm about 3:00 a.m. Because the L-shaped burn pattern was unusual and no source of ignition could be determined, an arson investigation began. Samples of the burned material were submitted to the Crime Lab, but no accelerant was identified.

Police Officer Adams stopped a car for speeding in Eastman at 2:59 a.m. The car was heading north away from the fire when stopped. Officer Adams saw the fire engine pull out headed for the fire just before he noticed the car. Defendant was driving the car and Corey Wiley was identified as the passenger.

Corey Wiley was the son of Brenda Walker and lived with his cousin Dolores Goolsby near the trailer. They had removed a number

of items from the trailer the day before the trailer burned.

A next door neighbor saw two men around the trailer near 11:00 p.m. One was carrying a sack and they left when they saw him. He followed them to a nearby church where they got in a car and left. While he could not identify the car or the men, the car was one with brake lights all the way across the back. Defendant's car had such lights. This neighbor was awakened by a loud popping and saw the fire about 2:30 a.m.

Co-defendant Wiley had an alibi, contending he was asleep in his cousin's trailer. Defendant admitted that he was driving the car stopped by the officer, but denied Wiley was his passenger or that he had been near the trailer. He contended that he and Greg, whose last name he did not know, had been out drinking and driving around.

1. Defendant contends that the court failed to fully instruct the jury on the elements of the crime charged omitting specific instruction that there must be proof of insurance and that there was no consent of the insurer to the burning.

As acknowledged by defendant in his brief, the charge given by the court on arson comported with his Request to Charge, constituting induced error, if any. *Tolbert v. State*, 180 Ga. App. 703, 704 (3) (350 SE2d 51) (1986); *Farmer v. State*, 180 Ga. App. 720, 722 (5) (350 SE2d 583) (1986).

During its charge the court read the indictment, which included all elements, as well as the portion now objected to.

Considering the charge in its entirety, the elements were adequately explained to the jury with sufficient clarity so as not to mislead the jury. *Williams v. State*, 249 Ga. 822, 825 (3) (295 SE2d 293) (1982); *Leverette v. State*, 188 Ga. App. 866, 868 (3) (374 SE2d 803) (1988); *Whitehead v. State*, 177 Ga. App. 259 (1) (339 SE2d 365) (1985) (physical precedent).

2. Defendant contends the court erred in not charging as requested the following "lesser included offenses:" arson in the second degree, OCGA § 16-7-61; arson in the third degree, OCGA § 16-7-62; criminal damage to property in the second degree, OCGA § 16-7-23 (a) (2).

OCGA § 16-7-61 covers the burning of property "not included or described in Code Section 16-7-60." Since it was unrefuted that the property alleged and proven was included in section 60, arson in the second degree was not a lesser included offense. Arson in the third degree refers specifically to personal property. Although there was evidence that personal property within this category was burned along with the dwelling, there was no evidence of a separate burning of personal property which would allow the jury to find defendant burned personal property without finding he burned also the dwelling. *Hambrick v. State*, 190 Ga. App. 119 (1) (378 SE2d 340) (1989). Under the

facts alleged and proven, this is not a lesser included offense. OCGA §§ 16-1-6 and 16-1-7.

Criminal damage to property in the second degree is a lesser included offense of arson in the first degree. *Bryant v. State*, 188 Ga. App. 505 (373 SE2d 289) (1988); *Gunder v. State*, 183 Ga. App. 122 (358 SE2d 284) (1987). While an accused may request a charge on a lesser included crime, failure to give it is not always error, since the evidence must warrant any such charge. *State v. Stonaker*, 236 Ga. 1, 2 (3) (222 SE2d 354) (1976).

When the evidence establishes without conflict that arson in the first degree occurred, and the defendant simply denies being the one who committed it, the crime of criminal damage to property merges with the crime of arson, and no charge on the lesser crime is required. *Hambrick v. State*, supra; citing *Varnes v. State*, 159 Ga. App. 452, 453 (2) (283 SE2d 673) (1981); *King v. State*, 178 Ga. App. 343, 345 (2) (343 SE2d 401) (1986).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 3, 1989.

*Dennis A. Mullis*, for appellant.

*James L. Wiggins*, District Attorney, *Tamara A. Jarrett*, *Timothy G. Vaughn*, Assistant District Attorneys, for appellee.