A00A0086. WELLS v. THE STATE.
(534 SE2d 106)

MILLER, Judge.

Earlie Wells was convicted of armed robbery, kidnapping with bodily injury, and two counts of theft by taking. On appeal he alleges three errors: (1) the jury venire did not represent the county population — but he failed below to show purposeful discrimination; (2) over objection, the court allowed a prosecution witness on redirect to testify regarding a visit to the victim — but this testimony was to counter attacks on the witness' credibility during cross-examination; and (3) the court denied his motion for mistrial based on a comment made in the prosecution's closing argument — but he failed to renew the motion after curative instructions. Accordingly, we affirm.

The evidence showed that Wells forced the victim at gunpoint to drive Wells to a location, where Wells required him to get into the car's trunk. Wells not only stole the victim's personal money and business receipts, but also shot him twice when the victim tried to escape from the trunk. Thinking the victim was dead, Wells left him unattended in the trunk in a parking lot, and the victim escaped.

1. An accused may challenge the jury array in writing "for any cause going to show that it was not fairly or properly impaneled or ought not to be put upon him."[1] A defendant who attacks the racial makeup of the jury venire bears the burden of showing purposeful discrimination.[2] Here Wells submitted no evidence other than his attorney's observation that only three of the thirty-six venire in the array were African-Americans. The court sua sponte put the court clerk on the stand, who testified that of the 150 persons randomly selected by computer and summoned to jury duty that week, 35 (23.33 percent) were African-Americans. A computer then randomly selected equal groups of the venire to be sent to each courtroom. During the week 50 served as jurors, of which 15 (30 percent) were African-Americans. He also testified that 30 percent of the county's adult population were African-Americans. No party cross-examined the clerk nor presented any other evidence on the matter.

---

[1] OCGA § 15-12-162. A timely oral challenge to the array followed by a written motion for new trial reiterating the challenge is a sufficient writing under this Code section. *Morgan v. State*, 161 Ga. App. 484 (1) (287 SE2d 739) (1982).

[2] *Jewell v. State*, 261 Ga. 861, 863 (3) (413 SE2d 201) (1992).

This evidence amply supported the court's finding that African-Americans were not systematically excluded from the jury venire and that the panels were randomly selected in a constitutional manner.[3] Rather than pointing to any flaw in the jury selection process,[4] Wells on appeal simply argues that the 1990 Census showed the overall African-American population in the county to be 33 percent and that this was substantially different from the percentage of African-Americans (23.33 percent) in the 150-person venire. The 1990 Census, which may be judicially noticed,[5] in fact showed the overall African-American population to be 33.32 percent.

This does not support a claim of an unconstitutional disparity. First, unlike the clerk's 30 percent figure for the county,[6] the Census 33 percent figure cited by Wells is not restricted to the adult population from which juries are chosen.[7] Second, even if it were, the difference that Wells points to as unconstitutional is the difference between 23.33 percent and 33.32 percent. Because this difference known as "absolute disparity" is less than ten percentage points (though just barely), as a general proposition it satisfies constitutional requirements.[8] Third, Wells points to no flaw in the random selection system.[9] Wells' arguments lack merit.

2. Wells argues that the court erred in allowing a witness on redirect to testify regarding a visit with the victim. This witness had testified on direct that (a) Wells had asked her to lie so as to provide him with an alibi and (b) Wells stated he thought the victim was dead. On cross-examination, Wells' counsel challenged her credibility by querying her at length about not discussing the incident or her testimony with anyone (besides her mother) until her testimony at trial. On redirect, the State sought to rebut any inference that this witness hid evidence, by asking her whether she discussed the incident with the victim. Over Wells' relevancy objection, the court permitted the witness to respond. She testified that she had apologized to the victim for her inaction on the night of the crimes when he had approached her for help after finally escaping from the trunk.

"[A]dmissibility of evidence is a matter which rests largely

---

[3] See id. ("Random selection safeguards the selection process from manipulation and ensures the jury's independence. [Cit.]"); *Larmon v. State*, 256 Ga. 228, 230-231 (345 SE2d 587) (1986) (random selection negates unsubstantiated allegations of a deliberate and systematic exclusion of an identifiable and distinct group).

[4] See *Hansley v. State*, 267 Ga. 48, 49 (2) (472 SE2d 305) (1996); *Reese v. State*, 241 Ga. App. 350, 351 (2) (526 SE2d 867) (1999).

[5] *Cochran v. State*, 256 Ga. 113, 115 (8) (344 SE2d 402) (1986).

[6] The Census supports the clerk's figure.

[7] See *Truitt v. State*, 212 Ga. App. 286, 287, n. 1 (441 SE2d 800) (1994).

[8] *Cook v. State*, 255 Ga. 565, 571 (11) (340 SE2d 843) (1986).

[9] See *Hansley*, supra, 267 Ga. at 49 (2).

within the sound discretion of the trial court."[10] Even though alone it may not be sufficient, evidence which in connection with other evidence tends, even slightly, to prove, explain, or illustrate a fact is probative and relevant.[11] "Doubt as to relevancy should be resolved in favor of admission and against exclusion,"[12] with the evidence's weight left to the jury.[13] Because the inquiry here sought to explain or counter the adverse credibility inferences elicited by Wells' cross-examination, we hold that the court did not manifestly abuse its discretion in allowing the witness to respond.

3. During closing argument, the prosecution referred to Wells as a "cold blooded killer." Wells immediately moved for a mistrial on the grounds that no one had died and that the comment was inflammatory. Denying the motion, the court instead gave the jury curative instructions that they should disregard the statement concerning a killer and reminded them of the offenses with which Wells was actually charged. Wells did not renew his motion for mistrial or further object.

It is a longstanding rule in Georgia "that in order to preserve [the] issue for appellate review after curative instructions are given the motion for mistrial must be renewed. . . ."[14] "If the trial court's curative instructions were not sufficient, defendant should have sought additional relief."[15] Failure to do so waives appellate review of the matter, including complaints about improper comments in closing argument.[16]

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED APRIL 17, 2000.

*Carlton K. Nelson III,* for appellant.

---

[10] (Citations and punctuation omitted.) *Dept. of Transp. v. Dalton Paving &c.,* 227 Ga. App. 207, 221 (8) (489 SE2d 329) (1997).

[11] *Fleming v. State,* 169 Ga. App. 406, 407 (3) (312 SE2d 869) (1984).

[12] (Citations and punctuation omitted.) Id.

[13] *Dalton Paving,* supra, 227 Ga. App. at 221 (8).

[14] (Citations and footnote omitted.) *Woodham v. State,* 263 Ga. 580, 582 (3) (439 SE2d 471) (1993).

[15] *Weems v. State,* 268 Ga. 515, 516 (2) (491 SE2d 325) (1997).

[16] *Miller v. State,* 240 Ga. App. 18, 19 (2) (522 SE2d 519) (1999); *Billups v. State,* 234 Ga. App. 824, 829 (3) (507 SE2d 837) (1998); *Jones v. State,* 221 Ga. App. 374, 375 (2) (471 SE2d 318) (1996); see *Mullis v. State,* 248 Ga. 338, 341-342 (13) (282 SE2d 334) (1981). Compare *Bolden v. State,* 272 Ga. 1, 2 (525 SE2d 690) (2000) (defendant not required to renew his objection or move for mistrial where direct objection to closing argument is overruled without curative instructions).

*Ralph M. Walke, District Attorney, Tracie J. Hobbs, Assistant District Attorney, for appellee.*