## A04A1772. YOUMANS v. THE STATE.
### (608 SE2d 300)

ADAMS, Judge.

A Muscogee County jury found Robert C. Youmans guilty of arson in the second degree and criminal damage to property in the second degree. On appeal, Youmans claims the trial court erred by failing to disclose the entire contents of a note the court received from the jury, and by refusing to merge his conviction for arson in the second degree into his conviction for criminal damage to property in the second degree. For the reasons stated below, we disagree and affirm.

1. During its deliberations, the jury sent the trial court a note stating, in relevant part: "On Count 1, we currently have a vote of 9 guilty, 2 not guilty, and 1 not sure — we are not making headway changing minds — what do we do?" The trial court read the note in open court, but excluded the numerical information showing the exact split in the jury's deliberations:

> On Count One we currently have a vote of "blank" guilty, "blank" not guilty, and "blank" not sure, dash. We are not making headway changing minds, dash. What do we do, question mark. Now, where I said "blank" there are numbers in this question, but I'm not going to share those numbers with the defendant, his lawyer, and the district attorney at this point in time.

Youmans objected on the grounds that no portion of the note should have been withheld.

Youmans argues that all communications between the jury and the trial court should be made and disclosed in open court. For this principle, Youmans relies on *Rogers v. United States,* 422 U. S. 35 (95

SC 2091, 45 LE2d 1) (1975). In that case, the jury sent the trial court a note asking whether the trial court would accept the verdict "guilty as charged with extreme mercy." Id. at 36. Without informing the defendant, the trial court instructed a marshal to tell the jury that the court's answer was in the affirmative. Id. Five minutes later, the jury returned a guilty verdict. Id. at 37. The Supreme Court held that the jury's message should have been answered in open court and defense counsel given an opportunity to be heard before the trial court responded. Id. at 39. "[T]he orderly conduct of a trial by jury, essential to the proper protection of the right to be heard, entitles the parties who attend for the purpose to be present in person or by counsel at all proceedings from the time the jury is impaneled until it is discharged after rendering the verdict." (Citation omitted.) Id. at 38. We conclude that *Rogers* is not applicable here because the trial court read the material contents of the note in open court and did not engage in private communications with the jury. See, e.g., *United States v. Brown*, 555 F2d 407, 426 (5th Cir. 1977) (distinguishing *Rogers* on grounds that trial court's actions did not involve secret reception or reply to jury communications).

Youmans claims that without knowing the entire contents of the note, he was unable to properly frame a request for additional or supplemental instructions or to ask for an appropriate recharge, and his counsel was unable to advise him as to a change of plea or offer to plead to a lesser included offense. However, the numerical division between guilt and innocence during a jury's deliberation is not normally available to a defendant. "[W]here the court *seeks and obtains information as to* the numerical division between *guilty and innocent* it has been held reversible error." (Citation omitted; emphasis in original.) *Wilson v. State*, 145 Ga. App. 315, 320 (4) (b) (244 SE2d 355) (1978). Furthermore, Youmans fails to show how, if he had known the specific numerical split, he would have acted differently. He points to his attorney's statement to the trial court that "depending on what the numbers might be on the sheet, I would probably ask the court to recharge on reasonable doubt." However, counsel did ask for a recharge, and the trial court refused on the grounds that there was no suggestion by the jury it was confused as to the concept of reasonable doubt, and Youmans does not assign error to the trial court's refusal to recharge.

Youmans points to *Tutt v. State*, 165 Ga. App. 715 (302 SE2d 580) (1983), in which a numerical split as to guilt and innocence was disclosed voluntarily by the jury, as was the case here, but the information was made available to the parties. However, the issue in *Tutt* was whether the jury's voluntary disclosure of the number voting guilty or not guilty required a reversal, which it did not absent other prejudicial circumstances. Id. at 716-717 (2). The issue in *Tutt* was

not whether it was error for the trial court to fail to disclose the precise number voting guilty or not guilty. We conclude that it was within the trial court's discretion to withhold the numerical voting information, and that, if there was error in failing to disclose the jury communication in full, Youmans cannot show harm. See *Stewart v. State*, 165 Ga. App. 428, 430 (2) (300 SE2d 331) (1983) (applying harmless error analysis to ex parte communication between the trial court and the jury). Therefore, no reversal is required.

2. Youmans was originally convicted and sentenced for both arson in the second degree and criminal damage to property in the second degree. See OCGA §§ 16-7-61;[1] 16-7-23 (a).[2] In its order on Youmans's motion for new trial, the trial court determined that under the facts of this case, which showed that Youmans burned another person's vehicle, the facts used to convict Youmans of arson in the second degree were the same facts used to convict him of criminal damage to property in the second degree. The trial court therefore corrected Youmans's sentence so that his conviction for criminal damage to property in the second degree merged into his conviction for arson in the second degree. Youmans claims the reverse should have occurred — that his conviction for arson in the second degree should have merged into his conviction for criminal damage to property in the second degree so that criminal damage to property in the second degree was the only surviving conviction. We disagree.

If the same facts are used to prove different offenses, then the different crimes merge. *Rooks v. State*, 238 Ga. App. 177, 179 (2) (518 SE2d 179) (1999). Of the two crimes, "the lesser offense merges into the greater offense and the court sentences on the greater offense only." *Ellison v. State*, 265 Ga. App. 446, 449 (3) (594 SE2d 675) (2004). The issue here is whether Youmans's second degree arson conviction must be merged into his second degree criminal damage to property conviction.

---

[1] In relevant part, OCGA § 16-7-61 provides that

A person commits the offense of arson in the second degree as to any building, vehicle, railroad car, watercraft, aircraft, or other structure not included or described in Code Section 16-7-60 when, by means of fire or explosive, he or she knowingly damages or knowingly causes, aids, abets, advises, encourages, hires, counsels, or procures another to damage any building, vehicle, railroad car, watercraft, aircraft, or other structure of another without his or her consent.

[2] OCGA § 16-7-23 (a) provides that

[a] person commits the offense of criminal damage to property in the second degree when he: (1) Intentionally damages any property of another person without his consent and the damage thereto exceeds $500.00; (2) Recklessly or intentionally, by means of fire or explosive, damages property of another person; or (3) With intent to damage, starts a fire on the land of another without his consent.

OCGA § 16-1-7 (a) (1) pertinently provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused . . . may not, however, be *convicted* of more than one crime if: (1) One crime is included in the other." (Emphasis supplied.) OCGA § 16-1-6 (1)[3] contains the standards for determining whether an offense is lesser included as a matter of fact; the second subsection of this Code provision sets out the standards for determining whether the offense is lesser included as a matter of law. Offenses can be lesser included offenses of greater offenses either as a matter of fact or of law; these are alternative and not conjunctive.

(Citations omitted.) *Hancock v. State*, 210 Ga. App. 528, 531-532 (3) (a) (437 SE2d 610) (1993).

The lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense are sufficient to establish the lesser offense as well. Thus, whether a lesser offense is included in a greater offense as a matter of fact must be determined on a case-by-case basis, depending upon the facts alleged in the indictment and the evidence presented at trial.

(Citations, punctuation and emphasis omitted.) *Strickland v. State*, 223 Ga. App. 772, 774 (1) (a) (479 SE2d 125) (1996).

We have consistently found that, as between first degree arson and criminal damage to property in the second degree, as defined in OCGA § 16-7-23 (a) (2), criminal damage to property is the lesser offense. *Walker v. State*, 193 Ga. App. 100, 102 (2) (386 SE2d 925) (1989); *Bryant v. State*, 188 Ga. App. 505, 506 (373 SE2d 289) (1988); *Corson v. State*, 144 Ga. App. 559, 560 (1) (c) (241 SE2d 454) (1978). "[O]ne who commits first-degree arson has also committed criminal damage to property when the property in question belongs to another, but while the latter crime is established by the same conduct as the former, it requires proof of a 'less culpable mental state' under the criminal Code." *Bryant*, 188 Ga. App. at 506.

---

[3] OCGA § 16-1-6 provides that one crime is included in another when:
(1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or
(2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

There is no difference in the mental states required to show first degree arson and second degree arson: both require the person to "knowingly damage or knowingly cause" damage to certain defined classes of property by means of fire. OCGA §§ 16-7-60; 16-7-61. It follows that arson in the second degree also requires a more culpable mental state than criminal damage to property in the second degree, OCGA § 16-7-23 (a) (2), which requires that a person "recklessly or intentionally" damage property of another person by fire or explosion. See also *D. C. A. v. State*, 135 Ga. App. 234, 238-239 (3) (217 SE2d 470) (1975) (indicating criminal damage to property in the second degree is a lesser offense to arson in the second degree as a matter of law).

Notwithstanding the foregoing, Youmans contends that in this case his conviction for criminal damage to property in the second degree required a more culpable mental state than his conviction for arson in the second degree. He points to the indictment, which charged that Youmans did "unlawfully and intentionally damage the property of Richie Miller, to wit: a Chevrolet Camaro without said owner's consent, by setting said car on fire, said damage exceeding five hundred dollars ($500.00)." He argues that the state crafted the indictment so as to require a showing that he "intentionally" set the car on fire, which is the standard of mental culpability required under criminal damage to property in the second degree for purposes of OCGA § 16-7-23 (a) (1), as opposed to acting "recklessly or intentionally," which is the mental state required for conviction for criminal damage to property in the second degree under OCGA § 16-7-23 (a) (2). Youmans then contends that "intentionally," as used in his indictment for criminal damage to property in the second degree, is a more culpable mental state than "knowingly," as used in his indictment for arson in the second degree.

We reject Youmans's argument that to act "intentionally" is a more culpable mental state than to act "knowingly." He cites no authority for this proposition. "Knowingly" indicates an awareness of the consequences of one's actions. "The use of [knowingly] in an indictment is equivalent to an averment that the defendant knew what he was about to do, and, with such knowledge, proceeded to do the act charged." Black's Law Dictionary, p. 872 (6th ed. 1990). "Intentionally," on the other hand, may be defined as "to do something purposefully, not accidentally." Id. at p. 810. Given the different connotations of knowingly and intentionally, Youmans's conviction for arson in the second degree did not require a less culpable mental state than his conviction for criminal damage to property in the second degree for purposes of OCGA § 16-1-6 (1).

In our view, the state chose to use "intentionally" and not "recklessly and intentionally" in the indictment because Youmans was charged with criminal damage to the property in the second

degree under OCGA § 16-7-23 (a) (1) and not OCGA § 16-7-23 (a) (2). The indictment includes all the elements of OCGA § 16-7-23 (a) (1), which provides that a person commits criminal damage to property in the second degree when he "[i]ntentionally damages any property of another person without his consent and the damage thereto exceeds $500.00." The trial court, without objection, charged only the elements of OCGA § 16-7-23 (a) (1) to the jury. Arson in the second degree differs from criminal damage to property in the second degree, as defined by OCGA § 16-7-23 (a) (1), by requiring the damage be knowingly accomplished "by means of fire or explosive." As additional facts were required to convict Youmans for arson in the second degree than were required to convict him of criminal damage to property in the second degree under OCGA § 16-7-23 (a) (1), Youmans's conviction for arson in the second degree was not the lesser offense, and the trial court did not err in failing to merge that conviction into his criminal damage to property conviction.[4] See *Haynes v. State*, 249 Ga. 119, 120-121 (2) (288 SE2d 185) (1982) (kidnapping for ransom included additional element of asportation and so was a greater offense than armed robbery); see also *Graham v. State*, 239 Ga. App. 429, 434-435 (521 SE2d 249) (1999) (aggravated child molestation cannot be merged into child molestation). We find no error as charged.

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 9, 2004 — 

*Hagler & Hyles, M. Stephen Hyles*, for appellant.

*J. Gray Conger, District Attorney, Crawford L. Seals, Assistant District Attorney*, for appellee.

---

[4] OCGA § 16-7-23 (a) (1) includes a minimum damage requirement of $500, which is an additional fact separate from the facts required to show arson in the second degree as alleged in the indictment. However, we do not decide whether Youmans's two convictions were separate or must be merged, only that Youmans's second degree arson conviction was not a lesser included crime of his second degree criminal damage to property conviction.